**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION**

| | | |
|---|---|---|
| STEPHEN JONES, BSW and | ) | |
| GARY JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | No.: 4:15-cv-00021-HSM-SKL |
| | ) | |
| vs. | ) | *Mattice/Steger* |
| | ) | |
| G. RONNIE GUNTER, | ) | |
| LARRY "BART" STANLEY, SR., ESQUIRE, | ) | |
| THE LAW FIRM OF STANLEY & | ) | |
| BRATCHER, CLERK AND MASTER | ) | |
| MYRA D. MAYA, THE COUNTY OF | ) | |
| WARREN, TENNESSEE and CHANCELLOR | ) | |
| LARRY "BART" STANLEY, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF LARRY "BART" STANLEY, SR. AND THE LAW FIRM OF STANLEY & BRATCHER TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW Larry "Bart" Stanley, Sr. and The Law Firm of Stanley & Bratcher (**"Defendants"**) and submit their Answer to Plaintiff's Amended Complaint. The Amended Complaint was only signed and submitted by Stephen Jones, pro se. Defendants shall refer to Plaintiff in the singular in this Answer to the Amended Complaint, but to the extent that Gary Jones is deemed to be a party-plaintiff in this action, Defendants include Gary Jones (with Stephen Jones) in the defined term, "Plaintiff", throughout this Answer to the Amended Complaint.

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* because, *inter alia*, this Amended Complaint does not allege facts with sufficient specificity to state a plausible claim for

relief. This Amended Complaint does not set out a *prima facie* case for any viable claim for relief.

## SECOND DEFENSE

Based on Plaintiff's lack of numbering the paragraphs in the Amended Complaint, Defendants have copied Plaintiff's Amended Complaint verbatim herein, and will respond to each paragraph, group of paragraphs, or related section in a response set forth after each paragraph, group of paragraphs or related section. Due to the length of Plaintiff's Amended Complaint and to reduce the length of its Answer, Defendants have attempted to group allegations relating to other defendants or other sections pertaining to similar legal arguments and provide one response for a given section or group of paragraphs where possible. **A response following a group of paragraphs or a section serves as Defendants' response to all groups of paragraphs prior to the preceding response of Defendants**.

Defendants respond to Plaintiff's Amended Complaint as follows:

This is a Complaint alleging violations of infringement of the Plaintiff's State and Federal Right to Due Process under Article I, Section 8 of the Tennessee State Constitution and under the 14th Amendment to the United States Constitution. This Complaint also alleges Fraud, Financial Institution Fraud, Mail Fraud, Wire Fraud, Real Estate Fraud, Fraudulent Misrepresentation, Fraudulent Concealment, Breach of Fiduciary Trust, Embezzlement and Conspiracy to Commit Organized Crime, (as defined by the Racketeer Influenced and Corrupt Organizations Act (RICO).

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are statements of law or arguments of Plaintiff such that Defendants as not required to respond. However,**

**to the extent that any of the allegations in this Paragraph are directed toward Defendants, Defendants deny the allegations in this Paragraph.**

This Complaint levies these allegations against Mr. G. Ronnie Gunter, Mr. Larry Barton Stanley, Sr., Mr. Thomas O. Bratcher, the Law Firm of Stanley and Bratcher, Warren County Clerk and Master Myra D. Mara, Chancellor Larry Barton Stanley, Jr., Mr. Ronnie Jolee Gunter, Mrs. April Suzanne Barrett, Mr. Donald Hillis, Don Hillis Auction and Realty, District Attorney Lisa Zavogiannis, (Retired) Senior Judge Ben Cantrell, Mr. Anthony Malone, Mrs. Darlene Malone, Mr. Ben Newman, Regions Bank, Mr. Timothy Pirtle, the Tennessee Bar Foundation, the City of McMinnville, Tennessee, the County of Warren, Tennessee and the State of Tennessee.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

The Plaintiff demands trial by jury.

**DEFENDANTS' RESPONSE: Defendants admit that Plaintiff is demanding a trial by jury.**

This Complaint arises out of two (2) Warren County, Tennessee Probate Cases, 2566P and 3129P, the estates of Velma Nadine Jones Elrod and Lodi Mae Jones, respectively.

**DEFENDANTS' RESPONSE: Defendants admit that there were two cases in Warren County, Tennessee Chancery Court with docket numbers 2566P and 3129P, but deny the remaining allegations of this Paragraph.**

While the matter of Federal Due Process Rights Infringement has arisen from a probate case, the Plaintiff asserts that THE PROBATE EXCEPTION DOES NOT APPLY IN THIS CASE. THE PLAINTIFF CITES *Marshall v. Marshall*, 547 U.S. 293. (2006, SCOTUS).

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are statements of**

law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the case cited by Plaintiff speaks for itself and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. To the extent any further response is required, Defendants deny the allegations in this Paragraph.

In *Marshall*, the United States Supreme Court held that a federal district court has equal or concurrent jurisdiction with state probate courts over tort claims under state common law.

**DEFENDANTS' RESPONSE:** The allegations in this Paragraph are statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the case cited by Plaintiff speaks for itself and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them.

Furthermore, in that case, the Supreme Court unanimously held that FEDERAL COURTS HAVE JURISDICTION TO ENTERTAIN SUITS TO DETERMINE THE RIGHTS OF CREDITORS, LEGATEES, HEIRS AND OTHER CLAIMANTS RELATING TO AN ESTATE, so long as the federal court does not: (1) probate a will, (2) administer an estate, (3) take control of assets being administered by the probate court or (4) interfere with the probate proceedings.

**DEFENDANTS' RESPONSE:** The allegations in this Paragraph are either statements of law or legal argument of Plaintiff such that Defendants are not required to respond. Furthermore, the case cited by Plaintiff speaks for itself and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them.

The Plaintiff's Complaint alleges State and Federal Due Process Right Infringement (under Article I, Section 8 of the Tennessee State Constitution as well as the 14th Amendment to the (U.S. Constitution, respectively), depriving him of pursuing his liberty interest in regard to

4

estates to which he is an heir.

**DEFENDANTS' RESPONSE:** The allegations in this Paragraph are either statements of law or legal argument of Plaintiff such that Defendants are not required to respond. Furthermore, the constitutional provisions cited by Plaintiff speaks for itself and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. To the extent that any of the allegations are directed toward Defendants, Defendants deny the allegations in this Paragraph.

The Plaintiff contends that these claims are *in personam* claims, as opposed to *in res*, and as such, do not implicate the probate exception. Neither the Complaint, nor the Plaintiff, is seeking to probate a will or administer an estate before this Honorable Court. Neither the Plaintiff nor the Complaint seek for this Honorable Court to take control of assets being administered by a probate court or to have this Honorable Court interfere with a probate proceeding.

**DEFENDANTS' RESPONSE:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

The Plaintiff is simply seeking a redress of his claim of Federal and State Due Process Right Infringement (under Article I, Section 8 of the Tennessee State Constitution and the 14th Amendment to the U.S. Constitution) and seeks to recover economic and non-economic damages under 42 U.S.C. 1983.

**DEFENDANTS' RESPONSE** The allegations in this Paragraph are either statements of law or legal argument of Plaintiff such that Defendants are not required to respond. Furthermore, the constitutional provisions cited by Plaintiff speaks for themselves and, to the extent the allegations contained in this Paragraph vary therefrom,

Defendants deny them. To the extent that any of the allegations are directed toward Defendants, Defendants deny the allegations in this Paragraph.

The Plaintiff is the son of Albert Arnold Jones (deceased), who was the brother of Velma Nadine Jones Elrod and the son of Lodi Mae Jones. This makes the Plaintiff the Nephew of Velma Nadine Jones Elrod (2566P) and the Grandson of Lodi Mae Jones (3129P). The Plaintiff is the closing living relative to both and is therefore an intestate heir to 3129P (Estate of Lodi Mae Jones) as well as an heir to 2566P (Estate of Velma Nadine Jones Elrod), by holographic will, written by the decedent, Velma Nadine Jones Elrod, prior to 2 December 2010.

**DEFENDANTS' RESPONSE**: Defendants deny these allegations.

Plaintiff refers to his Certificate of Live Birth, Department of Vital Statistics, State of Tennessee (document previously submitted as **PLAINTIFF EXHIBIT AAA**) as proof of his standing to bring this Complaint, as a beneficiary of the two estates.

**DEFENDANTS' RESPONSE**: Defendants deny these allegations.

In addition, the Plaintiff refers to **PLAINTIFF EXHIBIT GG**, a letter from the attorney for the estate, Larry B. Stanley, Sr., dated 19 June 2014, requesting that the Plaintiff acknowledge that the estate of 2566P had been properly distributed to the Plaintiff as an heir. This is a Waiver Document that the Plaintiff, as an heir to 2566P, refused to sign.

**DEFENDANTS' RESPONSE**: **Any letter written by Larry B. Stanley, Sr., dated June 19, 2014 speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.**

Furthermore, the Plaintiff's standing to bring a Complaint in the matter of 2566P has already been determined by the Warren County Chancery Court on 16 December 2014 (Plaintiff submits Chancery Court Order, Judge Cantrell, dated 16 December 2014, as **PLAINTIFF**

**EXHIBIT DDD**.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

The Plaintiff contends, respectfully, that the standing to bring a Complaint by the Plaintiff, as an heir to the estate of 2566P), established by Warren (County Chancery Court on 16 December 2014, is not subject to review, modification or reversal by this Honorable Court as the Rooker-Feldman Doctrine and the doctrines of *res judicata* and collateral estoppel prevent the Federal Courts from giving an appellate review of the Warren County Chancery Court's order confirming the Plaintiff's standing to bring a Complaint in the matter of 2566P.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

The Plaintiff makes the following statement in support of his claims, for which relief can be granted:

1. Ronnie Gunter

   a. Ronnie Gunter has committed fraudulent concealment of a will, he has fraudulently and illegally withheld notice to beneficiaries, he has refused to provide proof of notice to the beneficiaries of 2566P and to the Chancery Court, he has committed Fraudulent Misrepresentation, Mail Fraud, Wire Fraud, Real Estate Fraud, Breach of Fiduciary Trust, Embezzlement and Conspiracy to commit organized crime under the Federal Racketeer Influenced and Corrupt Organizations Act (RICO). Defendant Gunter's fraudulent concealment of a will, withholding of notice to beneficiaries, withholding of accountings, and failure to provide proof of notice to heirs (with explanation) to the Chancery Court, represent violations of the Plaintiff's Right to Due Process under the Tennessee Constitution (Article I, Section 8) and the Federal Constitution (14th Amendment).

**DEFENDANTS' RESPONSE:  The allegations in the above-referenced Paragraphs**

are not directed to Defendants, and thus, no response is required. **Should any of the allegations in these Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.**

b.      Plaintiff Stephen Jones is an heir to the Estate of Velma Nadine Jones (2566P) by virtue of a Holographic Will, written by Velma Nadine Jones Elrod, sometime prior to 2 December 2010. Plaintiff Stephen Jones' inclusion in that holographic will is not by name, but rather by relation as a "Nephew." Velma Nadine Jones Elrod (2566P) had no natural or adopted children and all of her siblings, to include the Plaintiff s father Albert Jones, are deceased. Velma Nadine Jones Elrod, in her holographic will, left her estate to be distributed among her closest living relatives, her "nieces and nephews."

**DEFENDANTS' RESPONSE:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.**

Ronnie Gunter willfully withheld a holographic will from the Warren County Chancery Court and concealed it from heirs to the estate of Velma Nadine Jones Elrod (2566P) and instead submitted a will of his own drafting.

**DEFENDANTS' RESPONSE:  The allegations in this Paragraph are not directed to Defendants, and thus, no response is required.  Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Ronnie Gunter has admitted the existence of a prior will in his previous pleadings to the Warren County Chancery Court, attempting to use it as a defense, yet never disclosing its existence to the Chancery Court when petitioning to administer the estate of 2566P, and having yet to produce it.

**DEFENDANTS' RESPONSE:  The allegations in this Paragraph are not directed to**

8

Defendants, and thus, no response is required.  Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.

Plaintiff refers to this document, previously submitted as **PLAINTIFF EXHIBIT U**. Under numbered statement #19 in that document, Ronnie Gunter, through counsel Ben Newman, states that "the effect of a prior will precludes Stephen Jones or Gary Jones from taking any share of the estate…."  This document was filed in February 2015 with the Warren County Chancery Court.  This is evidence, *prima facia* (sic), that Ronnie Gunter withheld a prior will from the heirs to 2566P and the Warren County Chancery Court.

**DEFENDANTS' RESPONSE:  The allegations in this Paragraph are not directed to Defendants, and thus, no response is required.  Should any of the allegations in this Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations. Defendants further respond that any documents filed in Warren County Chancery Court speak for themselves.**

Ronnie Gunter committed fraudulent concealment of a handwritten will from the Warren County Chancery Court and from the 21 heirs to the Estate of 2566P, on 6 April 2011, when he applied for Letters Testamentary for 2566P, as he willfully concealed the holographic will from that court and the heirs to 2566P,  in his petition.  He has continued to withhold the holographic will of Velma Nadine Jones Elrod (2566P).

**DEFENDANTS' RESPONSE:  The allegations in this Paragraph are not directed to Defendants, and thus, no response is required.  Defendants further state that the allegations in this Paragraph are legal arguments of Plaintiff such that Defendants are not required to respond.   Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

9

T.C.A. 39-14-131, "Destruction or Concealment of Will:"

"ANY PERSON WHO DESTROYS OR CONCEALS THE LAST WILL AND TESTAMENT OF A TESTATOR, OR ANY CODICIL THERETO, WITH INTENT TO PREVENT THE PROBATE THEREOF OR DEFRAUD ANY DEVISEE OR LEGATEE, COMMITS A CLASS E FELONY."

**DEFENDANTS' RESPONSE: The allegation in this Paragraph is a statement of law such that Defendants are not required to respond.**

Ronnie Gunter's concealment of a holographic will, from the Court and from heirs to 2566P, not only represents a Felony in Tennessee, but also represents an act of fraudulent concealment as well as a Breach of Fiduciary Trust. The concealment of the holographic will, as one of many concealments in regard to 2566P, contributed to an overall concealment of facts, for which a cause of action could not be uncovered using due diligence and reasonable care, by the Plaintiff.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

If the Plaintiff is never notified that he is an heir and is not given a copy of the will, as required by law, then how can he pursue his liberty interest as an heir to the estate titled 2566P?

**DEFENDANTS' RESPONSE: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.**

The Plaintiff contends that Ronnie Gunter obtained his Letters Testamentary by FRAUD, as he violated T.C.A. 39-14-131 in obtaining his Letters Testamentary, to probate the Estate of Velma Nadine Jones Elrod (2566P).

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this**

Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.

FURTHERMORE, THIS HONORABLE COURT IS ABLE TO REVIEW THE DECISION OF THE WARREN COUNTY CHANCERY COURT APPOINTING RONNIE GUNTER AS EXECUTOR, AS HIS APPOINTMENT WAS OBTAINED BY FRAUD IN THAT HE VIOLATED T.C.A. 39-14-131. The decision to appoint Ronnie Gunter as executor of 2566P was obtained by Ronnie Gunter, from the Warren County Chancery Court by withholding the holographic will of Velma Nadine Jones Elrod and concealing it from that court and heirs to 2566P.

**DEFENDANTS' RESPONSE**: Defendants deny the allegations in this Paragraph.

In a 9th Circuit decision (*Kougasian v. TMSL*, Inc., 359 F. 3d 1136, 1140 (9th Circuit), 2004), the federal courts ruled that *Rooker-Feldman* did not apply in cases in which a Plaintiff seeks relief from a state court judgment based on extrinsic fraud by that Plaintiff's adversaries during those state court proceedings. The courts basis for their decision was that "extrinsic fraud on a court is, by definition, not an error by (the state) court." (*id*. at 1141).

**DEFENDANTS' RESPONSE**: **To the extent that the allegations in this Paragraph are statements of law or legal arguments, Defendants are not required to respond. Furthermore, the case cited by Plaintiff speaks for itself and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants further respond that the allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

*The Plaintiff refers only to the Holographic Will as evidence in this case. The Plaintiff is not seeking an appellate review of the Chancery Court's Order to Dismiss a contest of the Will

that Ronnie Gunter submitted for probate, as that is not within this Honorable Court's jurisdiction in regard to subject matter, according to the Rooker-Feldman Doctrine. The Plaintiff refers only to the Holographic Will, and its concealment by Ronnie Gunter, as evidence of fraud in procuring the letters testamentary to probate 2566P. The issue of fraud in regard to concealing a holographic will has never been considered or ruled upon by any lower court.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

c.     Ronnie Gunter petitioned for, and was granted, Letters Testamentary to Administer the Estate of Velma Nadine Jones Elrod on 6 April 2011, by Order of the Clerk and Master of Warren County, Myra D. Mara, for the Chancery Court of Warren County, Tennessee. G. Ronnie Gunter was appointed executor of 2566P by order of the Warren County Chancery Court.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Tennessee State Law, specifically T.C.A. 30-1-402, requires that executors, as trustees of an estate, obey the laws, rules, duties and penalties that apply to administration of estates and trusts.

T.C.A. 30-1-402 "Applicable laws, rules, duties and penalties"

Administrators, guardians and trustees SHALL, IN ALL THINGS, be governed by, and be subject to, all the laws, rules, duties and penalties, prescribed by law for the government of other administrators and guardians, and the management and settlement of estates and trusts.

**DEFENDANTS' RESPONSE: To the extent that the allegations in these Paragraphs are statements of law or legal arguments, Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them. Defendants further respond that the allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.**

The Plaintiff asserts that Ronnie Gunter, as executor, under the requirements of T.C.A. 30-1-402, owed a duty of care to the Plaintiff, as a beneficiary and heir of the estate of Velma Nadine Jones Elrod (2566?), to obey the laws of the State of Tennessee, as well as all other applicable rules, that applied to the probating of the two estates in question (2566P and 3129P).

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Furthermore, the statute cited by Plaintiff speaks for itself and, to the extent the allegations contained in this Paragraph varies therefrom, Defendants deny them. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

d.       Ronnie Gunter was required by Tennessee State Law, specifically T.C.A. 30-2- 301(b)(1)(A) and (b)(3), to notify the Plaintiff (and all heirs), as an heir and beneficiary to the estate, by first class USPS Mail, and provide the Plaintiff a copy of the will. Ronnie Gunter was also required to prove he had done so, to the Warren County Chancery Court, by affidavit, along with an explanation of efforts to locate and identify beneficiaries or distributees to whom copies (of the will) have not yet been sent.

T.C.A. 30-2-301(b)(1)(A), "Notice to Beneficiaries"

746564

Except as provided for in subdivision (b)(4), the personal representative, WITHIN 60 DAYS after entering on the administration shall notify each legatee or devisee under the will that that person or entity is a beneficiary, by first class mail or personal delivery, a complete copy of the will to those beneficiaries sharing in the residuary of the estate….

T.C.A. 30-2-301(b)(3), "Notice to Beneficiaries"

Within the 60 day period, the personal representative shall also execute and file with the clerk of the court an affidavit that the required copies have been mailed or delivered to the beneficiaries or distributes, and an explanation of efforts to identify and locate beneficiaries or distributes, if any, to whom copies have not yet been sent.

Ronnie Gunter had a duty to notify the Plaintiff as an heir, as well as all other 20 heirs to the estate titled 2566P, via first class mail, and provide each with a copy of the will he submitted to the Chancery Court, within 60 days of entering into the administration of Estate 2566P, as he was directed to do so pursuant to T.C.A. 30-2-301(b)(1)(A) and (b)(3). He was also required to show proof to the Warren County Chancery Corm. that he had complied, via affidavit, and an explanation as to any heirs who had not received notice. Ronnie Gunter owed a duty of care to the Plaintiff, and every other heir to the estate titled 2566P, to obey the laws of probate in Tennessee, as T.C.A. 30-1-402 requires an executor to obey the laws applicable to probate in the State of Tennessee.

**DEFENDANTS' RESPONSE: To the extent that the allegations in these Paragraphs are statements of law or legal arguments, Defendants are not required to respond. Furthermore, the statutes and other law cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them. Defendants further respond that the allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.**

14

Ronnie Gunter willfully and maliciously, with intent to embezzle the residuary of the Estate titled 2566P, withheld notice to the Plaintiff, and every other beneficiary, and never notified any heir by first class mail nor did he provide a copy of the will he submitted for probate, to each heir. He also failed to provide proof of notice to beneficiaries to the Chancery Court of Warren County and has not complied, ever. Ronnie Gunter also failed to provide an explanation to the Chancery Court as to why no heir ever received legal notice with a copy of the will. These are all requirements of an executor under T.C.A. 30-2-301.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Defendants further state that to the extent that the allegations in this Paragraph contains legal arguments, Defendants are not required to respond. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Proof that Ronnie Gunter committed these actions of concealment with intent to embezzle the residuary of Estate 2566P is evident in the fact that he did indeed embezzle a minimum of $45,400 in cash from the estate residuary from 28 October 2011 thru 14 May 2014. Plaintiff refers to Warren County Clerk and Master Myra D. Mara's report, dated 23 March 2015 (previously submitted as **PLAINTIFF'S EXHIBIT D**) as well as checks written from the estate residuary to executor Ronnie Gunter, by Ronnie Gunter (previously submitted as **PLAINTIFF'S EXHIBIT C**).

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Defendants further state that to the extent that the allegations in this Paragraph contains legal arguments, Defendants are not required to respond. Should any of the allegations in this Paragraph be deemed to apply to**

746564

**Defendants, then Defendants deny those allegations.**

Ronnie Gunter has committed Embezzlement (Larceny, Theft) as defined by T.C.A. 39-14 -104.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Defendants further state that to the extent that the allegations in this Paragraph contains legal arguments, Defendants are not required to respond. The statute cited speaks for itself, and no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Ronnie Gunter, in addition to concealing a holographic will, willfully and with intent to embezzle the residuary of 2566P, refused to notify any heir to the estate, or to provide a copy of the will to any heir of the estate, and refused to disclose or give explanation to the court as to why. These acts of concealment represent not only violations of probate law but also fraudulent concealment of facts from which a cause of action could be derived and executed by the Plaintiff.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Defendants further state that to the extent that the allegations in this Paragraph contains legal arguments, Defendants are not required to respond. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

IF the executor refuses to notify any heirs, as his duty under T.C.A. 30-2-301, and he refuses to provide a copy of the will he submitted to heirs, also required by T.C.A. 30-2-301. and he refuses to explain to the court why he has not provided notice to heirs, also required by T.C.A.

30-2-301, then what facts could have been discovered using reasonable care and due diligence, to empower the Plaintiff to execute a timely action?

**DEFENDANTS' RESPONSE: To the extent that the allegations in this Paragraph are statements of law or legal arguments, Defendants are not required to respond. Furthermore, the statute cited by Plaintiff speaks for itself and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants further respond that the allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

The Plaintiff contends that no facts could have been discovered in a timely manner for which he could have taken a timely and appropriate action against Ronnie Gunter, as Gunter refused to notify heirs and provide them with copies of the will he submitted for probate and refused to explain to the court his refusal to do so, all of which are requirements under the law (T.C.A. 30-2-301).

**DEFENDANTS' RESPONSE: To the extent that the allegations in this Paragraph are statements of law or legal arguments, Defendants are not required to respond. Defendants further respond that the allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Gunter's refusal to disclose anything in regard to the probate of 2566P, precluded any use of due diligence or reasonable care which would have alerted the Plaintiff that his rightful inheritance was being embezzled, and that his right to pursue his liberty interest in the matter of 2566P was infringed, by Ronnie Gunter, through the embezzlement of the residuary of the estate.

THESE ACTS ALSO REPRESENT INFRINGEMENT OF THE PLAINTIFF'S RIGHT TO DUE PROCESS (STATE) UNDER ARTICLE I, SECTION 8, OF THE TENNESSEE CONSTITUTION AND (FEDERAL) UNDER THE 14th AMENDMENT TO THE FEDERAL CONSTITUTION.

**DEFENDANTS' RESPONSE: To the extent that the allegations in this Paragraph are statements of law or legal arguments, Defendants are not required to respond. Furthermore, the constitutional provisions cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants further respond that the allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

e.      Ronnie Gunter, on 28 October 2011, 21 November 2011 and 19 January 2012, made payments to parties unknown, via unknown accounts, from the estate residuary, using wire funds transfer through Comdata, Inc. These transactions represent $16,000 dollars transferred via electronic wire transfer. Ronnie Gunter has committed 3 counts of Wire Fraud as defined by 18 U.S.C. 1343 (also codified in the Criminal Resource Manual for U.S. Attorneys, 900-999, #941) ("Elements of Wire Fraud"). The statute defines the 4 elements of Wire Fraud as such:

*That the Defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money.

*That the Defendant did so with the intent to defraud.

*That it was reasonably foreseeable that interstate wire communications would be used.

*And that interstate wire communications were in fact used.

However, the elements that constitute wire fraud have been defined as less restrictive by

746564

the Federal Courts. Specifically, in *United States v. Maxwell*, 920 F.2d 1028, 1035 (D.C. Circuit 1990), the circuit court ruled that only 2 elements be present to constitute wire fraud. They are

A scheme to defraud, and the use of an interstate wire communication to further the scheme.

**DEFENDANTS' RESPONSE: To the extent that the allegations in these Paragraphs are statements of law or legal arguments, Defendants are not required to respond. Furthermore, the statute and cases cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them. Defendants further respond that the allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.**

Plaintiff submits a document, obtained via internet, which demonstrates that Ronnie Gunter transferred monies using Comdata, Inc. (as 62000019 is the tracking number for Comdata, Inc.) to a Mr. Felix Herrera Gallardo, in Brownsville, Texas, sometime between 28 October 2011 and 19 January 2012, through the Brentwood Tennessee Comdata, Inc., office. This document is submitted as **PLAINTIFF EXHIBIT EEE**.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Although Mr. Gallardo works for Mid Valley Dealers in Brownsville, Texas (a company specializing in heavy equipment rental and sales), a supplemental internet research reveals that Mr. Gallardo is also the manager of a vacation condominium near the city of Puerto Vallarta, Mexico, a vacation that Ronnie Gunter and his immediate family took sometime in 2011 or 2012, yet never disclosed to the Chancery Court or the heirs, although it was paid for from

residual funds of the estate of 2566P. This document is submitted as **PLAINTIFF EXHIBIT FFF.**

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Plaintiff refers to Plaintiff Exhibit C as proof that Ronnie Gunter made 3 Funds Transfers via electronic wire, from the residuary of the estate 2566P, to parties unknown, through accounts unknown on various dates.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Ronnie Gunter, pursuant to T.C.A. 30-2-601(a), has a duty to disclose, to the exact penny, all disbursements made from the estate, to the heirs of the estate known as 2566P, through the Chancery Court.

T.C.A. 30-2-601(a)

Within 15 months from the date of qualification, the personal representative SHALL MAKE AN ACCOUNTING WITH THE CLERK OF THE COURT exercising probate jurisdiction in the County of the Estate. After the first accounting, AND UNTIL THE ESTATE IS FULLY ADMINISTERED, THE PERSONAL REPRESENTATIVE SHALL MAKE FURTHER ACCOUNTINGS ANNUALLY FROM THE DATE OF THE FIRST ACCOUNTING. THE ACCOUNTINGS SHALL STATE ALL RECEIPTS, DISBURSEMENTS AND DISTRIBUTIONS OF PRINCIPLE AND INCOME FOR THE ACCOUNTING PERIOD....

**DEFENDANTS' RESPONSE: To the extent that the allegations in these Paragraphs are statements of law or legal arguments, Defendants are not required to respond. Furthermore, the statute cited by Plaintiff speaks for itself and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them. Defendants further**

**respond that the allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.**

It is clear to the Plaintiff that Ronnie Gunter used a Wire Transfer, through Comdata, Inc., to transfer residuary funds from the estate 2566P, to Mr. Gallardo, to pay for a vacation to Puerto Vallarta, Mexico for Ronnie Gunter and his immediate family members and friends. Ronnie Gunter willfully withheld this fact from the heirs and the Warren County Chancery Court.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Ronnie Gunter has committed wire fraud (as defined by 18 U.S.C. 1343 and by *United States v. Maxwell*, previously cited) by paying for a personal vacation to Mexico from the residuary of 2566P). Ronnie Gunter has committed fraudulent concealment of the three wire transfers by not disclosing where and to whom those payments were made, as is his requirement and duty under T.C.A. 30-2-601 (previously cited). Ronnie Gunter, along with Mr. Gallardo, conspired to conceal the transaction for what it was, a personal vacation expenditure at the expense of the estate 2566P. Ronnie Gunter has committed embezzlement by defrauding the heirs of their rightful inheritance by using their inheritance (the residuary of estate 2566P) to pay for his personal vacation. These acts also represent a violation of the Plaintiff's right to due process under State and Federal Law (14th Amendment) as he is entitled to know the accountings of the estate titled 2566P. The TORA (Tennessee Open Records Act) also gives the Plaintiff a right to know the accountings of 2566P.

**DEFENDANTS' RESPONSE:** The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Defendants further state that to the extent that the allegations in this Paragraph are statements of law or legal arguments, Defendants are not required to respond. Furthermore, the statute and case cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.

f. Ronnie Gunter committed Mail Fraud, Real Estate Fraud, Fraudulent Concealment and Fraudulent Misrepresentation, on or about 15 March 2014, in regard to 2566P.

Ronnie Gunter contacted the Plaintiff, via telephone, on 28 February 2014. The Plaintiff resided in the Commonwealth of Puerto Rico at the time and the Plaintiff remembers distinctly the date, as the Plaintiff was scheduled to take a ferry to a remote island (Culebra) the next day for swimming and fishing.

**DEFENDANTS' RESPONSE:** The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Defendants state that to the extent that the allegations in these Paragraphs are statements of law or legal arguments, Defendants are not required to respond. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.

During the phone conversation, Ronnie Gunter made clear what his purpose for contacting the Plaintiff was: to inform the Plaintiff that he was an heir to the estate of 2566P and that Ronnie Gunter would soon be sending deed forms for the Plaintiff to sign so that Ronnie Gunter could sell the property assets of the estate of Velma Nadine Jones Elrod (2566P) and distribute the proceeds of such to the heirs.

**DEFENDANTS' RESPONSE:** The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.

NEVER, DURING THE CONVERSATION, DID RONNIE GUNTER DISCLOSE THAT IN FACT HE HAD SOLD THE PROPERTY ASSETS OF 2566P ALMOST A FULL YEAR AND A HALF PRIOR ON 10 NOVEMBER 2012, WITHOUT THE CONSENT OF HEIRS. RONNIE GUNTER FAILED TO DISCLOSE TO THE PLAINTIFF THAT THE REAL NEED FOR THE PLAINTIFF'S SIGNATURE WAS TO TRANSFER THE ILLEGALLY SOLD PROPERTY ASSETS AND MAKE THE ILLEGAL TRANSFER OF THOSE ILLEGALLY AUCTIONED PROPERTY ASSETS APPEAR LEGITIMATE.

**DEFENDANTS' RESPONSE:** The allegations in the above-referenced Paragraph are not directed to Defendants, and thus, no response is required. Defendants further state that many of the allegations in the above Paragraph relating to defendant Ronnie Gunter are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. To the extent that any further response is required or that any of the allegations in the above Paragraph be deemed to relate to Defendants, Defendants deny the allegations in this Paragraph.

Plaintiff refers to **Plaintiff Exhibit KK**, a notary document that the Plaintiff was led to believe, by Ronnie Gunter and Larry Stanley, Sr., would allow Ronnie Gunter to sell the property assets of 2566P. It is notarized on 5 April 2014.

**DEFENDANTS' RESPONSE:** There is no Exhibit KK attached to the Amended Complaint. Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to this exhibit. To the extent that any

746564

**further response is required, Defendants deny the allegations in this Paragraph.**

Plaintiff refers to **Plaintiff Exhibit UU**, a letter from Clerk and Master Mara to the Law Firm of Stanley and Bratcher, dated 21 February 2014, inquiring as to the status of several estates that Larry B. Stanley, Sr., was probating before his son, Chancellor Larry B. Stanley, Jr.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Defendants state there is no Exhibit UU attached to the Amended Complaint. Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to this exhibit. To the extent that any further response is required, Defendants deny the allegations in this Paragraph.**

Plaintiff refers to **Plaintiff Exhibit I**, correspondence from Clerk and Master Mara, in the form of affidavit, to Chief Disciplinary Counsel for the Tennessee Board of Judicial Conduct.  In that correspondence, Clerk and Master Mara states that the firm replied on 22 March 2014, "the real estate has been sold and our office is working on this real estate transfer…."

**DEFENDANTS' RESPONSE: There is no Exhibit I attached to the Amended Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to this exhibit.  Further, any correspondence between Defendant Myra D. Mara and the Chief Disciplinary Counsel for the Tennessee Board of Judicial Conduct speaks for itself, and no response is required.**

Plaintiff submits the actual response from the Law Firm of Stanley and Bratcher, which was not filed in the Clerk and Master's Office until 22 March 2014, yet is dated 14 March 2014. This document confirms that the firm of Stanley and Bratcher did indeed notify the court that

they were working on a transfer and that the real estate had been sold (prior to obtaining any heirs signatures to do so).  Document submitted as **PLAINTIFF EXHIBIT GGG**.

**DEFENDANTS' RESPONSE:** **The letter dated March 14, 2014 attached to the Amended Complaint as Exhibit GGG speaks for itself and thus no further response is required.  To the extent the allegations contained in this Paragraph vary from the contents of the letter, Defendants deny them.**

Plaintiff refers to **Plaintiff Exhibit AAA**, a copy of advertised auction of real estate assets of 2566P, which confirms the real estate assets of 2566P were auctioned and sold on 10 November 2012, a full 17 months before obtaining the Plaintiff's signature, fraudulently, and a full 14 months before any signatures were obtained by any other, albeit fraudulently.

**DEFENDANTS' RESPONSE:**  **There is no Exhibit AAA attached to the Plaintiff's Amended Complaint.  Defendants are thus without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the allegations of this exhibit. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.**

Plaintiff refers to **Plaintiff Exhibit LL**, FEDERAL HUD 1 FORMS WHICH PROVE THAT MR. THOMAS O. BRATCHER, OF STANLEY AND BRATCHER, WAS THE AGENT THAT BROKERED THE SALE OF 2566P REAL ESTATE ASSETS, FOR THE SELLER RONNIE GUNTER, AND THAT HE MEDIATED THE CLOSING SETTLEMENT ON 14 MAY 2014, A FULL 18 MONTHS AFTER AUCTIONING THE PROPERTIES OF 2566P.

**DEFENDANTS' RESPONSE:**  **Defendants deny these allegations.**

PLAINTIFF SUBMITS NOTARY DOCUMENTS OF OTHER HEIRS, ALL OBTAINED WELL AFTER THE ACTUAL SALE OF 2566P REAL ESTATE ASSETS. PLAINTIFF SUBMITS DOCUMENTS AS **PLAINTIFF EXHIBIT HHH**.

**DEFENDANTS' RESPONSE: Defendants deny these allegations.**

Ronnie Gunter has committed Fraudulent Misrepresentation as defined by C.F.R. Title 17, Chapter 2, (Part 240, 15c1-2) when he omitted to Plaintiff the fact that he had sold the real estate assets of 2566P 17 months prior to obtaining his signature and by stating to the Plaintiff that his signature was needed to sell property assets of 2566P, when in fact, Mr. Gunter needed the Plaintiff's signature to illegally transfer the property assets and make that transfer appear legitimate, under the color of law.

Ronnie Gunter committed Fraudulent Concealment when he refused to disclose the sale of 2566P Real Estate Assets to the Warren County Chancery Court and to the beneficiaries of 2566P.

Ronnie Gunter has committed Mail Fraud, as defined by U.S.C. 18, Part 1, Chapter 63, Section 1341, as he used USPS delivery to fraudulently obtain the Plaintiff's signature in order to transfer the illegally sold property assets of 2566P, in an attempt to legitimize the illegal transfer of those assets.

Ronnie Gunter has committed Real Estate Fraud, as defined by T.C.A. 29-2-101, in that the contract he entered into with Don Hillis (and Don Hillis Auction and Realty) was executed fraudulently as no heir of beneficiary of 2566P, including the Plaintiff, authorized Ronnie Gunter to enter into said contract for auction on their behalf. The Statute requires that the contract be in writing. Ronnie Gunter sold the real estate assets on 10 November 2012, with no written contract obtained or enforced at that time, by any beneficiary of 2566P.

Ronnie Gunter has committed Breach of Fiduciary Trust, as he has fraudulently sold and transferred property assets of estate 2566P without beneficiaries consent.

**DEFENDANTS' RESPONSE: The allegations in the above-referenced Paragraphs are not directed to Defendants, and thus, no response is required. Defendants further state that many of the allegations in the above-referenced Paragraphs relating to defendant Ronnie Gunter are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.**

g.      Ronnie Gunter, on 10 November 2012, illegally seized the Real Estate Assets of Lodi Mae Jones ( 3129P), as well as her personal property, and COMMINGLED HER ESTATE ASSETS WITH THOSE OF 2566P (Estate of Velma Nadine Jones Elrod) and sold Lodi Mae Jones' estate assets, in violation of Tennessee Intestate Probate Laws. Mr. Gunter sold 115 Ruby Street without legal authority to do so.

Ronnie Gunter has never applied for, nor has he ever been issued, Letters of Administration to probate the estate 3129P (Lodi Mae Jones), from any court.

**DEFENDANTS' RESPONSE: The allegations in the above-referenced Paragraphs are not directed to these Defendants, and thus, no response is required. Defendants further state that many of the allegations in the section above relating to defendant Ronnie Gunter are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. To the extent that any further response is required, Defendants deny the allegations in these Paragraphs.**

Plaintiff refers to **Plaintiff Exhibit BB** as evidence, *prima facia*, that Plaintiff Stephen Jones is the only individual who has ever applied, as a petitioner, to legally administer the Estate

of Lodi Mae Jones.

**DEFENDANTS' RESPONSE: There is no Exhibit BB attached to the Plaintiff's Amended Complaint. Defendants are further without knowledge or information sufficient to form a belief as to the truth of the allegations.**

Furthermore, the Plaintiff submits a letter, from the Chancellor of Tennessee's 12th Judicial District, proving that the Plaintiff is a petitioner to the estate of Lodi Mae Jones and that her estate has been established as 3129P. Plaintiff submits document as **PLAINTIFF EXHIBIT III.**

**DEFENDANTS' RESPONSE: The letter attached to Plaintiff's Amended Complaint as Exhibit III speaks for itself and to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants are further without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the allegations of this Paragraph and thus these allegations stand denied and strict proof is demanded thereof.**

Although Ronnie Gunter had no authority to do so, as he is not the executor of 3129P nor has he ever been appointed as such, Ronnie Gunter illegally seized the real estate assets of 3129P, and commingled the personal property and real estate property of 3129P with the estate of 2566P, and sold them, illegally, at auction on 10 November 2012.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Defendants further state that many of the allegations in the Paragraph above are either statements of law or arguments of Plaintiff such that Defendants are not required to respond.**

T.C.A. 31-2-101 ("Intestate Estate")

746564

When any person dies intestate, after the payment of debts and charges against the estate, the deceased's property passes to the deceased's heirs as prescribed in the following sections of this chapter....

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are a statement of law such that Defendants are not required to respond.**

There are two separate processes of probate for intestate and testate estates, yet Ronnie Gunter probated the estate of Lodi Mae Jones (3129P), an intestate estate, AS IF IT WERE A TESTATE ESTATE, a violation T.C.A. 31-2-101.

Ronnie Gunter then conspired with others to illegally transfer the real estate assets of 3129P, in an effort to legitimize the illegal transfer, between 11 November 2012 and 14 May 2014. The illegal transfer was effected on 14 May 2014.

**DEFENDANTS' RESPONSE: The allegations in the above Paragraphs are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

h.    Ronnie Gunter has committed actions such as these before, when he probated the estate of Ruby Mae Gunter, 65P, in Warren County Chancery Court in 1992. Ronnie Gunter failed to establish a trust for his mentally disabled brother, Kenneth Eugene Gunter, as he was directed to do so by Mrs. Gunter's Last Will and Testament. It should be noted that Kenneth Eugene Gunter is also an heir to 2566P, meaning this is the second instance where Ronnie Gunter has taken advantage of his mentally disabled brother in the probating of an estate. A review of 65P demonstrates that by Motion, the representative for Kenneth Eugene Gunter attempted to have Ronnie Gunter removed as executor, just as a motion was submitted in regard to 2566P to be removed as executor. Ronnie Gunter has established a pattern of behavior in regard to probating estates, a pattern of behavior based on deceit, lawlessness and the illegal taking of heirs inheritance, through nefarious means and in violation of Tennessee probate laws.

Plaintiff refers to **Plaintiff Exhibit WW** as proof of Ronnie Gunter's established and nefarious behavior. He left his mentally disabled brother in a dwelling not habitable.

**DEFENDANTS' RESPONSE: The allegations in the above Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

      i.    Ronnie Gunter unjustly enriched himself by investing the monies that he embezzled from the estate 2566P and 3129P into building himself a house on property that once belonged to the estate of 2566P. During the time frame that Ronnie Gunter was required to submit accountings (6 July 2012 through the present) of the estate, (which he failed to do), documents from the Warren County, Tennessee Property assessor's office demonstrate that Ronnie Gunter invested a significant amount of monies in building himself a home at 176 Short Mountain Rd, McMinnville, Tennessee. These documents are submitted as **Plaintiff Exhibit LLL**. These documents demonstrate that there was no structure on that property prior to the probating of 2566P and that the dwelling that was built represented an approximate investment of $90,000 dollars during the probate process of 2566P. Plaintiff contends this investment of money resulted from Ronnie Gunter's embezzlement and theft of the 2566P estate residuary.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

      j.    Ronnie Gunter committed embezzlement of services, as defined by T.C.A. 39-14 -104. Ronnie Gunter used funds from the residuary of the 2566P estate account to pay for his cell phone, insurance on his newly built home, his dish cable provider and for utility services at several dwellings. Plaintiff submits documents from the incomplete estate accountings as well

as from Caney Fork Electrical Co Op and the McMinnville Electric Service as Plaintiff **Exhibit MMM**.

**DEFENDANTS' RESPONSE:  The allegations in this Paragraph are not directed to Defendants, and thus, no response is required.   Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

Overall, Ronnie Gunter committed fraudulent concealment of facts that would have led to a cause of action by Plaintiff Stephen Jones. Ronnie Gunter fraudulently concealed a holographic will in violation of T.C.A. 39-14-131. Ronnie Gunter fraudulently concealed his acts of Federal Wire Fraud, a violation of 18 U.S.C. 1343.   Ronnie Gunter fraudulently concealed his theft (embezzlement) of the 2566P residuary, a violation of TCA 39-14-104.   Ronnie Gunter fraudulently concealed the sale of property assets of 2566P, a violation of T.C.A. 30-2-601(a). Ronnie Gunter fraudulently concealed the sale of properly assets of 3129P, in violation of T.C.A. 30-2-301(a) and T.C.A. 18-2-106.   Ronnie Gunter violated T.C.A. 32-1-101 when he sold the real estate assets of 3129P as those assets, by law, are to be distributed via intestate laws of succession. Ronnie Gunter willfully concealed the accountings of the 2566P estate and the 3129P estate, a violation of T.C.A. 30-2-601(a).

Ronnie Gunter willfully withheld notice to beneficiaries, Plaintiff included, in regard to 2566P and 3129P, a violation of T.C.A. 30-2-301(b)(1)(A) and (b)(3). Ronnie Gunter committed Fraudulent Misrepresentation when he told Plaintiff that the need for his signature was to sell real estate assets of 2566P, rather than to transfer the properties of 2566P and 3129P, which were sold without the Plaintiff's consent as an heir.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required.   Should any of the allegations in these**

**Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.**

These acts of Fraudulent Concealment of facts and Fraudulent Misrepresentation to the Plaintiff solidified a situation in which the Plaintiff could not, through any due diligence or use of reasonable care, have discovered that the Plaintiff's rightful inheritance was being embezzled by Ronnie Gunter, via the estate residuaries of 2566P and 3129P, or that his right to pursue his liberty interest in regard to those estates, as an heir, were being infringed.

Ronnie Gunter committed these acts to conceal a cause of action for the Plaintiff to seek an action against Ronnie Gunter and to unjustly enrich himself.

Ronnie Gunter, under the provisions of T.C.A. 30-1-402, owed a duty of care to the Plaintiff, and all other beneficiaries to the estates of 2566P and 3129P, to obey all the laws of Tennessee, to include rules and regulations, pertaining to the administration of the estates. Specifically, as mentioned before, Ronnie Gunter had a duty of care to notify the Plaintiff as an heir to both estates, Ronnie Gunter had a duty to provide accountings for both estates and Ronnie Gunter had a duty to disclose relevant facts of the estates to the Plaintiff, and all other heirs.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. The statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.**

The Plaintiff contends that the above mentioned acts represent an egregious Breach of Fiduciary Trust by Ronnie Gunter. This Breach of Trust allowed Ronnie Gunter to conceal facts of the probated estates from heirs, withhold notice to heirs and illegally sell and transfer properties, while stealing from the residuary of both estates. These acts prevented the Plaintiff

from pursuing his liberty interest in the estates titled 2566P and 3129P and allowed for the theft of his rightful inheritance, via embezzlement of the estate residuaries, by Ronnie Gunter. This constitutes infringement of the Plaintiff's right to due process under the Tennessee State Constitution (Article I, section 8) and the Federal Constitution (14th Amendment).

The infringement and denial of the Plaintiff's right to due process has resulted in both economic damages (loss of monies as a rightful heir) as well as non-economic damages mental anguish, pain and suffering).

**DEFENDANTS' RESPONSE:  The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required.  Should any of the allegations in these Paragraphs be deemed to apply to Defendants, then Defendants deny those allegations.**

Ronnie Gunter conspired with others, to include court officers, to embezzle the aforementioned estates and conceal the wrongdoing of Ronnie Gunter, and others, in an attempt to legitimize the illegitimate process of probate taken in regard to the estates. Ronnie Gunter has attempted to conceal such facts until a statute of limitation could protect him and his co-conspirators. RICO Act violations will be addressed at the end of the Amended Complaint.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required.  Should any of the allegations in this Paragraph be deemed to apply to Defendants, then Defendants deny those allegations.**

This Honorable Court may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 187l, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.***

**DEFENDANTS' RESPONSE: Defendants deny that Plaintiff is entitled to any relief sought.**

2.    Larry B. Stanley, Sr.

Larry B. Stanley Sr., is the attorney of record for the estate 2566P, (Plaintiff refers to Plaintiff Exhibit B, a copy of the check written to the Law Firm of Stanley and Bratcher, from the estate account of 2566P, by Ronnie Gunter, to assist the executor in the administration of that estate).

**DEFENDANTS' RESPONSE: Defendants admit that Defendant Larry Stanley, Sr. was an attorney of record for the estate of Velma Nadine Jones Elrod. There is no Exhibit B attached to the Amended Complaint; therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to such exhibit.**

Larry B. Stanley, Sr., had a duty of care to the Plaintiff, as an heir and beneficiary of 2566P, as defined under T.C.A. 30-1-104. The estate of 2566P is a client of Larry B. Stanley, Sr.

**DEFENDANTS' RESPONSE: Defendants deny the allegations of this Paragraph.**

T.C.A. 30-1-402 "Applicable laws, rules, duties and penalties"

Administrators, guardians and trustees SHALL, IN ALL THINGS, be governed by, and be subject to, all the laws, rules, duties and penalties, prescribed by law for the government of other administrators and guardians, and the management and settlement of estates and trusts.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are statements of law such that Defendants are not required to respond. Furthermore, the statute cited by Plaintiff speaks for itself and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them.**

Furthermore, Larry B. Stanley, Sr., as attorney for the estate 2566P, owed a duty of care to the Plaintiff, as a beneficiary of 2566P, under the rules of his profession, as well as under the requirements of T.C.A. 30-1-402. Specifically, the Tennessee Rules of Professional Conduct require that Larry B. Stanley, Sr., be honest in dealings with third persons and that he not assist any client in wrongdoing or unlawful acts.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

Tennessee Rule of Professional Responsibility 1.2(d)

"A lawyer SHALL NOT COUNSEL A CLIENT TO ENGAGE, OR ASSIST A CLIENT, IN CONDUCT THAT THE LAWYER KNOWS OR REASONABLY SHOULD KNOW IS CRIMINAL OR FRAUDULENT..."
Tennessee Rule of Professional Responsibility 1.3

A lawyer shall act with reasonable diligence and promptness in representing a client.
Tennessee Rule of Professional Responsibility 1.4

"A lawyer SHALL:

(2) reasonably consult with the client about means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and

(5) reasonably consult with the client about any relevant limitation on the lawyers conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or OTHER LAW.

Tennessee Rule of Professional Responsibility 1.7

(a) "...a lawyer shall not represent a client if the representation involves a concurrent conflict of interest..."

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to effectively participate in the representation.

**DEFENDANTS' RESPONSE: The allegations in the above Paragraph are statements of law such that Defendants are not required to respond. Furthermore, the**

**rules cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them.**

Larry B. Stanley, Sr. although he owed a duty of care to the estate and its beneficiaries (to include the Plaintiff) under the laws of Tennessee and the Rules of Professional conduct;

a)       Failed to ensure that his client complied with the requirements of notice to heirs in regard to 2566P and 3129P, a violation of T.C.A. 30-2-301(b)(1)(a) and (b)(3) and a violation of TRPR 1.4(5)(b). This is a Breach of Fiduciary Trust by Larry B. Stanley, Sr.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

b)       Assisted his client in the illegal waiving of accountings of 2566P, by deliberately drafting a proposed order to waive the accountings of 2566P, on 6 April 2011. T.C.A. 30- 2-601 only allows for the waiving of estate accountings by last will and testament or by consent of all estate beneficiaries. Plaintiff refers to Plaintiff Exhibit V, the last will and testament of Velma Nadine Jones Elrod, which DOES NOT WAIVE ACCOUNTINGS. THE PLAINTIFF AND SEVERAL OTHER HEIRS HAVE NOT WAIVED THEIR RIGHTS TO ACCOUNTING. Larry B. Stanley, Sr., has committed Breach of Fiduciary Trust and conspired with one of his clients to fraudulently conceal the accountings of 2566P. Larry B. Stanley, Sr., submitted his proposed order to the court of his son, Chancellor Larry B. Stanley, Jr., a clear conflict of interest under Rule 12 of the Tennessee Rules of Judicial Conduct, for which Tennessee Rules of Professional Conduct 1.7, says is improper (Conflict of Interest) and constitutes misconduct.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

c)       Deliberately assisted his client, Ronnie Gunter, in concealing Warren County Property Tax information regarding the property assets of 2566P, from beneficiaries of

that estate. Larry B. Stanley, Sr., and the Law Firm of Stanley and Bratcher, paid the taxes owed on 2566P real estate assets to Warren County via "under the table" transaction. Plaintiff refers to **Plaintiff Exhibit** DD, a hand written receipt by Clerk and Master Mara, stating that the Firm of Stanley and Bratcher paid the County taxes owed by the estate of 2566P during its probate. Stanley and Bratcher provided this financial assistance despite the fact that the estate account of 2566P had a balance of $90,000 deposited into it in April of 2011, more than enough money to pay the few thousand dollars owed by the estate in regard to taxes (Plaintiff submits copy of deposit sheet for 2566P as **Plaintiff Exhibit JJJ**). Larry B. Stanley, Sr. provided this assistance while his client was actively embezzling the estate of 2566P. Larry B. Stanley, Sr., has committed a Breach of Fiduciary Trust and has conspired with one of 11H clients to fraudulently conceal the fact that the executor, Ronnie Gunter, was not paying the taxes owed by the estate. Larry B. Stanley fraudulently withheld facts of the 2566P probate which could have alerted beneficiaries to his embezzlement of the estate. In this way, Larry B. Stanley, Sr. assisted his client in concealing his client's non-payment of taxes owed by 2566P and his client's embezzlement of the 2566P estate account.

**DEFENDANTS' RESPONSE**: Defendants deny the allegations in this Paragraph.

d. Larry B. Stanley, Sr., deliberately assisted his client, Ronnie Gunter, in Fraudulent Misrepresentation by mailing deed forms in regard to real estate assets of 2566P, to the Plaintiff, without disclosing that those property assets had already been sold almost 18 months prior, without the Plaintiff's consent. Larry B. Stanley, Sr., has conspired to commit and has committed Mail Fraud, as defined by U.S.C. 18, Part 1, Chapter 63, Section 1341 (previously cited).

**DEFENDANTS' RESPONSE**: Defendants deny the allegations in this Paragraph.

37

e.       Larry B. Stanley, Sr., assisted his client, Ronnie Gunter, in illegally seizing the assets of 3129P (Estate of Lodi Mae Jones) and commingling those assets with the assets of 2566P and selling them at auction, without consent of intestate beneficiaries, in violation of T.C.A. 31-2-101.  There are two separate processes of probate for intestate and testate estates, yet Larry B. Stanley, Sr., assisted his client, Ronnie Gunter, in probating the estate of Lodi Mae Jones (3129P), an intestate estate, AS IF IT WERE A TESTATE ESTATE, a violation of T.C.A. 31-2-101. Larry B. Stanley Sr., was well aware that his client did not have Letters of Administration to administer the 3129P estate.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

f.       Larry B. Stanley, Sr., assisted his client, Ronnie Gunter, in committing Mail Fraud by sending quit deed forms from his office, on or about 19 March 2014, in furtherance of his client's scheme to embezzle the assets of 2566P, without disclosure that those real estate assets had already been sold, 18 months prior, without the Plaintiff s consent, as an heir to 2566P. This is a violation of U.S.C. 18, Part 1, Chapter 63, Section 1341.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

g.       Also, Larry B. Stanley, Sr., had *ex-parte* communications with the Warren County, Tennessee, Chancery Court, unknown to the Plaintiff and other heirs of 2566P, in which he informed the Warren County Chancery Court Clerk and Master that he was aware that the property assets of 2566P and 3129P had been sold without heirs' consent.  Plaintiff refers to **Plaintiff Exhibit GGG** in which the firm of Stanley and Bratcher admit that the property assets of 2566P and 3129P had been sold already (without heirs' consent) and that the firm was working on the transfer of those properties (albeit illegally).  Larry B. Stanley, Sr., has

fraudulently concealed this fact from the Plaintiff and other heirs in order to effect an illegal transfer, under color of law, from an illegal and improper sale of the 2566P property assets.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

Overall, Larry B. Stanley, Sr., has assisted his client, Ronnie Gunter, in the Fraudulent Concealment of facts relating to the probate of Estates 2566P and 3129P.  These are facts of which the Plaintiff is entitled to know, pursuant to Tennessee State Probate Law. Facts related to accounting (T.C.A. 30-2-601), notification to heirs (T.C.A. 30-2-301(b)(1)(A) and (b)(3)), non-payment of estate debt (taxes) and other pertinent information were withheld, with Larry B. Stanley, Sr.'s assistance.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

These are acts that not only were committed to prevent the Plaintiff from discovering a cause of action against Mr. Stanley Sr., and his client, Ronnie Gunter, but these acts also represent a Breach of Fiduciary Trust on Stanley Sr.'s part, as T.C.A. 30-1-402 requires that he obey the laws, rules and regulations relating to probate, meaning he owed a duty of care to obey the law, to the Plaintiff. These acts also constitute the infringement of the Plaintiffs right to due process and equal protection under the law, as defined by Article I, Section 8 of the Tennessee State Constitution and the 14th Amendment to the U.S. Constitution.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

Larry B. Stanley, Sr., assisted his client in committing mail fraud, as defined by U.S.C. 18, Part 1, Chapter 63, Section 1341. Larry Stanley, Sr., assisted his client in Fraudulent Misrepresentation. Larry B. Stanley, Sr., assisted his client in illegally selling the property assets of an intestate estate (3129P) as defined by T.C.A. 31-2-101.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

Larry B. Stanley, Sr.'s actions created a situation in which the Plaintiff could not have known, despite due diligence and care, that his inheritance was being embezzled via the estate account of 2566P or that his due process rights were being infringed upon. Larry B. Stanley has conspired to deny the Plaintiff his right to due process and to conceal facts that lead to a cause of action by assisting in violating, and violating, laws and rules that relate to Probate, and his profession, in Tennessee.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

The infringement and denial of the Plaintiffs' right to due process has resulted in both economic damages (loss of monies as a rightful heir) as well as non-economic damages (mental anguish, pain and suffering).

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiffs' right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C. Section 1983, a statute that provides for civil action in the federal courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

3. Robert Bratcher

Robert Bratcher is the law partner of Larry B. Stanley, Sr., as they are the co-proprietors

of the law firm of Stanley and Bratcher.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

Robert Bratcher served as the agent who brokered the sale of real estate assets of 2566P and 3129P as evidenced by **Plaintiff Exhibit LL**, which are Federal HUD-1 Forms that list Thomas Bratcher as the settlement agent and give the address of the firm of Stanley and Bratcher as the settlement location.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

Robert Bratcher assisted his law partner, Larry B. Stanley, Sr., in the liquidation of real estate assets of the estates 2566P (111 and 113 Ruby St., McMinnville, Tennessee) and 31291P (115 Ruby St.. McMinnville, Tennessee). Robert Bratcher was well aware that no clear deed existed in regard to the property assets of Lodi Mae Jones (3129P) as she died intestate. Her property, 115 Ruby Street, McMinnville, Tennessee was sold at auction illegally on 10 November 2012 and Mr. Thomas Bratcher, knowing that his Partner's client, Ronnie Gunter, had no legal authority to sell the real estate assets of 3129P, did assist Ronnie Gunter and Larry B. Stanley, Sr., in illegally transferring that property to Mr. and Mrs. Anthony Malone on or about 14 May 2014.

**DEFENDANTS' RESPONSE: Defendants deny the allegations of this Paragraph.**

Robert Bratcher, as an attorney in Tennessee, owed a duty of care to the estate styled 3129P (and to its heirs) under Tennessee State Law (T.C.A. 30-1-402) as well as the rules of his profession (TRPR 1.2 and 1.4) as HE AS AWARE THAT THE REAL ESTATE ASSETS BEING SOLD AND TRANSFERRED WERE ESTATE ASSETS AND THAT SIGNATURES WERE REQUIRED OF HEIRS TO AUTHORIZE THE SALE OF THOSE ASSETS. HE WAS ALSO AWARE THAT HIS PARTNER'S CLIENT, RONNIE GUNTER, HAD NO

746564

AUTHORITY TO SELL THE PROPERTY ASSETS OF 3129P as RONNIE GUNTER COULD NOT PROVIDE LETTERS OF ADMINISTRATION IN REGARD TO 3129P (Estate of Lodi Mae Ward Jones).

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

Robert Bratcher assisted his partner, Larry B. Stanley, Sr., and Ronnie Gunter, in concealing the sale of real estate assets of 2566P and 3129P.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

Robert Bratcher has committed real estate fraud.  Robert Bratcher willfully and purposefully, submitted false information to the Federal Government Agency (HUD) responsible for collecting the data of settlement agreements by listing the wrong amounts of proceeds obtained in those transactions. Again, Plaintiff refers to **Plaintiff Exhibit LL**. Robert Bratcher has committed a felony by stating false amounts of the proceeds of auction of the 2566P estate real estate assets to a Federal Agency.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations of this Paragraph.**

Robert Bratcher has conspired to assist Larry B. Stanley, Sr., and Ronnie Gunter in concealing the sale of property assets as well as the correct amounts of the sale of the property assets in question, information which the Plaintiff is privy to by Tennessee State Law (T.C.A. 30-2-601(a)).  This is assistance to conspire to infringe the right of due process afforded the Plaintiff under Article I, Section 8 of the Tennessee State Constitution and the 14th Amendment.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations of this Paragraph.**

This assistance, by Robert Bratcher, to fraudulently conceal pertinent facts of the probate cases in question, hid a cause of action for which the Plaintiff could seek relief and constitutes an act of conspiracy to deny the Plaintiff his right to due process and equal protection under the law

as defined by Article I, Section 8 of the Tennessee Constitution and the 14th Amendment to the U.S. Constitution. His assistance to conspire has resulted in economic loss (loss of money and rightful inheritance) as well as non-economic damages (mental anguish and pain and suffering) to the Plaintiff.

**DEFENDANTS' RESPONSE: Defendants deny the allegations of this Paragraph.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

4. The Law Firm of Stanley and Bratcher

Larry B. Stanley, Sr., and Robert Bratcher are the sole co-proprietors of the firm known as Stanley and Bratcher and therefore their actions impute liability on the firm of Stanley and Bratcher. The firm of Stanley and Bratcher was used as a vehicle, under the color of law and legitimacy, by which Larry B. Stanley, Jr., and Robert Bratcher illegally denied the right of due process and equal protection under the law, afforded to the Plaintiff by Article I, Section 8 of the Tennessee Constitution and the 14th Amendment to the U.S. Constitution.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

The infringement and denial of the Plaintiffs right to due process has resulted in both economic damages (loss of monies as a rightful heir) as well as non-economic damages (mental anguish, pain and suffering).

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

5. Chancellor Larry. B. Stanley, Jr.

Larry B. Stanley, Jr., as Chancellor of the 31 Judicial District of Tennessee;

    a. Violated the Tennessee Rules of Judicial Conduct in that he accepted the 2566P case on his docket on 6 April 2011, although the attorney for the estate is his father, Larry B. Stanley, Sr. This is a clear violation of Tennessee Code of Judicial Conduct 2.11, which states:

(A)    A Judge shall disqualify himself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to, the following circumstances:

    (1)    The judge has a personal bias or prejudice concerning a party, or a party's lawyer or personal knowledge of facts that are in dispute in the proceedings

    (2)    The judge knows that the judge, the judge's spouse or domestic partner or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is

(B)    Acting as a lawyer in the proceeding.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required. To the extent that any of the**

**allegations in the above Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.**

Furthermore, by Tennessee Constitutional Provision, specifically Article I, Section 17, of the Tennessee Constitution, the Plaintiff is guaranteed, as a litigant in 2566P, to have a hearing before an impartial decision maker, during the probate process. Chancellor Larry B. Stanley denied this state constitutional right of due process, to the Plaintiff, when he refused to disqualify himself between 6 April 2011 and 11 August 2014, although his father was an attorney to the proceeding, in violation of the Tennessee Code of Judicial Conduct (Rule 2.11).

Article I, Section 17 of the Tennessee State Constitution states;

"That all courts be open; and every man, for an injury done him in his lands, goods, person or reputation, SHALL HAVE REMEDY BY DUE COURSE OF LAW, and RIGHT AND JUSTICE ADMINISTERED WITHOUT SALE, DENIAL OR DELAY. Suits may be brought AGAINST THE STATE IN SUCH MANNER AND IN SUCH COURTS AS THE LEGISLATURE may direct."
Also, Article 6, Section 11 of the Tennessee Constitution provides for disqualification of judges in cases where a judge may be interested or parties shall be connected with him by AFFINITY or consanguinity, within such degrees as prescribed by law.

**DEFENDANTS' RESPONSE:  The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required.  To the extent that any of the allegations in the above Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.**

It is a fact that Ronnie Gunter of Gunter Construction Company (TN Business License #52617), (the same Ronnie Gunter that petitioned to administer the estate(s) in question, and was appointed as the executor, by Chancellor Stanley's court), constructed the home of Chancellor Larry B. Stanley, Jr., at 74 Ginkgo Drive in McMinnville, Tennessee. This home was sold by Chancellor Stanley for a considerable profit. It is the Plaintiff's contention that Chancellor

Stanley is connected to Ronnie Gunter by AFFINITY and is connected to Ronnie Gunter's attorney (Larry B. Stanley, Sr.,), BY ONE DEGREE OF BLOOD. Chancellor Stanley had clear and concrete conflicts of interest for which he refused to recuse himself in a timely manner, in violation of the rules of his profession (as defined by the Tennessee Code of Judicial Conduct) and of Tennessee Slate Constitutional Provisions).

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to these Defendants, and thus, no response is required. To the extent that any of the allegations in this Paragraph be deemed to relate to Defendants, Defendants deny the allegations in this Paragraph.**

Chancellor Stanley's refusal to disclose his relation to Ronnie Gunter, and his relation to Gunter's attorney for the estate, Larry B. Stanley, Sr., represents a violation of due process as the (Chancellor is required to disclose those relationships (in order to continue to preside over the administration of the estates) to all parties that may be affected by those relationships. Chancellor Stanley continued to preside over the estate(s), through the authority of his court, continuously from 6 April 2011 to 11 August 2014. Plaintiff contends this is a violation of his right to due process (under state disclosure requirements) in regard to his right to due process and equal protection under the law, as provided for under the Tennessee Constitution and the 14th Amendment to the Federal Constitution.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to these Defendants, and thus, no response is required. To the extent that any of the allegations in this Paragraph be deemed to relate to Defendants, Defendants deny the allegations in this Paragraph.**

Furthermore, the Plaintiff refers to a status letter from the firm of Stanley and Bratcher,

previously submitted as **Plaintiff Exhibit GGG**, dated 14 March 2014, but not filed for a full 10 days on 24 March 2014, which demonstrates that Chancellor Stanley relishes his conflict of interest (in regard to his father, Larry B. Stanley, Sr..), as he, the Chancellor consistently, over a substantial period, routinely allows his father to probate cases before his court, with absolutely no supervision by the Chancellor. The letter gives a total of four cases being probated by Stanley, Sr., before his son, the Chancellor.

**DEFENDANTS' RESPONSE:  Exhibit GGG attached to the Amended Complaint speaks for itself and no further response is required. The allegations in this Paragraph are not directed to these Defendants, and thus, no response is required.  To the extent that any of the allegations in this Paragraph be deemed to relate to Defendants, Defendants deny the allegations in this Paragraph.**

b. Chancellor Larry B. Stanley owed a duty of care, not only to disclose his conflict of interest to the Plaintiff, but also to obey and enforce the laws of probate in Tennessee as he is an elected Chancellor WHO HAS TAKEN AN OATH TO DEFEND THE CONSTITUTIONS OF THE STATE OF TENNESSEE AND OF THE UNITED STATES. CHANCELLOR STANLEY IS BOUND BY THE ESTABLISHED RULES OF HIS PROFESSION IN TENNESSEE TO OBEY THE LAW AS WELL. CANON 1, RULE 1.1 of the Code of Judicial Conduct for Tennessee, as established by the Tennessee State Supreme Court, UNDER RULE 10, states:  "A JUDGE SHALL COMPLY WITH THE LAW, INCLUDING THE CODE OF JUDICIAL CONDUCT."

**DEFENDANTS' RESPONSE:  The allegations in this Paragraph are not directed to these Defendants, and thus, no response is required.  To the extent that any of the allegations in this Paragraph be deemed to relate to Defendants, Defendants deny the**

**allegations in this Paragraph.**

c. Chancellor Larry B. Stanley, willfully, with intent to impart favor on the client (Ronnie Gunter) of his father (Larry B. Stanley, Sr.,) disregarded (and thus failed in) his administrative responsibilities as defined by Tennessee State Law and the Rules that govern his actions as a judge (Tennessee Code of Judicial Conduct). Chancellor Stanley committed several egregious derelictions of his duty while the estates in question were being probated under his authority and responsibility. Chancellor Stanley;

1. Failed to ensure that notice was given to heirs, via first class mail, with a copy of the will pertaining to the estate furnished to them (Plaintiff included). This is a violation of T.C.A. 30-2-301(b)(1)(A) and (b)(3). In addition, it is Chancellor Stanley's responsibility, under the law, to supervise his court and its officers as required by T.C.A. 18-5-102(3) ("Duties, Clerks of Chancery Court"), which states the Clerk of Chancery:

> Issue all original, mesne and final process from the court, make orders of publication for defendants, grant decrees *pro confesso* for want of answer, hear exceptions to bills, answers and reports, subject at all times to the control, direction and supervision of the Chancellor...."

Chancellor Stanley's refusal to properly control, direct and supervise his court and its officers not only represents a violation of his ADMINISTRATIVE (not judicial) duties under state law, it is also a violation of the Rules of Judicial Conduct in Tennessee as Chancellor Stanley is required to obey the laws of Tennessee, as outlined in Tennessee's Code of Judicial Conduct, Canon 1, Rule 1. Chancellor Stanley assisted other actors, in the probating of the estates in question, to conceal notice from beneficiaries of the estates in question, either by corruption or incompetence. Chancellor Stanley's assistance in withholding notice is a violation of the Plaintiff's right to due process and equal protection under the law, as defined by the 14th Amendment to the U.S. Constitution and Article I, Section 8 of the Tennessee Constitution.

48

**DEFENDANTS' RESPONSE:** The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required. To the extent that any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.

2. Chancellor Stanley allowed for the illegal waiving of accountings in regard to 2566P, without determination, by his court. This is a violation of T.C.A. 30-1-117(8), which states;

> "If there is a document, WHETHER THE DOCUMENT OFFERED FOR PROBATE WAIVES THE FILING OF any inventory and ACCOUNTING..."
> Plaintiff refers to Plaintiff Exhibit V, the last will and testament of Velma Nadine Jones

Elrod, WHICH DOES NOT WAIVE ACCOUNTINGS OF THE 2566P ESTATE.

It is Chancellor Stanley's responsibility, under the law, to supervise his court and its officers as required by T.C.A. 18-5-102(3) ("Duties, Clerks of Chancery Court").

Chancellor Stanley's refusal to properly control, direct and supervise his court and its officers not only represents a violation of his ADMINISTRATIVE (not judicial) duties under state law, it is also a violation of the Rules of Judicial Conduct in Tennessee as Chancellor Stanley is required to obey the laws of Tennessee, as outlined in Tennessee's Code of Judicial Conduct, CANON 1, RULE 1. Chancellor Stanley assisted other actors, in the illegal waiving of estate 2566P accountings from beneficiaries of the estates in question, either by corruption or incompetence. Chancellor Stanley's assistance in illegally waiving the statutory required accountings of 2566P is a violation of the Plaintiff's right to due process and equal protection under the law, as defined by the 14th Amendment to the U.S. Constitution and Article I, Section 8 of the Tennessee Constitution.

**DEFENDANTS' RESPONSE:** The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required. To the extent that any of the

allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.

3.      Chancellor Stanley, it appears, provided financial assistance to the client of his father, Ronnie Gunter, from his bench, by issuing funds, via check, from a Tennessee Bar Foundation IOLTA Account to pay for the city taxes owed to McMinnville, Tennessee in regard to the real estate assets of 2566P.  Plaintiff refers to Plaintiff's Exhibits L and PP.  Plaintiff Exhibit L confirms the payment of estate taxes to McMinnville, Tennessee using a TBF IOLTA account.  **Plaintiff Exhibit PP** demonstrates that CHANCELLOR STANLEY IS THE ONLY AUTHORIZED FELLOW OF THE TBF, RESIDING IN McMINNVILLE, TENNESSEE, WHO IS AUTHORIZED TO ISSUE SUCH DISBURSEMENT OF TBF IOLTA ACCOUNT FUNDS.  CHANCELLOR STANLEY PROVIDED FINANCIAL ASSISTANCE TO HIS FATHER'S CLIENT, RONNIE GUNTER, AND ATTEMPTED TO CONCEAL THAT FACT FROM THE PLAINTIFF AND OTHER HEIRS TO 2566P.  CHANCELLOR STANLEY'S FINANCIAL ASSISTANCE WAS PROVIDED TO RONNIE GUNTER WHILE RONNIE GUNTER WAS IN THE PROCESS OF EMBEZZLING THE 2566P ESTATE RESIDUARY.  CHANCELLOR STANLEY HAS ASSISTED RONNIE GUNTER IN HIS EMBEZZLEMENT OF THE 2566P ESTATE BY FINANCIALLY ASSISTING RONNIE GUNTER AND CONCEALING THAT FACT FROM THE PLAINTIFF AND OTHER HEIRS TO 2566P.

**DEFENDANTS' RESPONSE**:  **The allegations in this Paragraph are not directed to these Defendants, and thus, no response is required.  To the extent that any of the allegations in this Paragraph be deemed to relate to Defendants, Defendants deny the allegations in this Paragraph.**

4.     In addition, Chancellor Stanley has failed in his administrative duties to ensure that his court and its officers comply with other laws of the State of Tennessee by (a) failing to obtain charges to estate 2566P from an Estate Sale, in violation of T.C.A. 30-2-606, (b) failed to cite executor to appear and settle accounts, in violation of T.C.A. 30-2-602, (c) failed to examine Representative under oath, "touching his receipts", a violation of T.C.A. 30-2-604, (d) failed to enforce rules, a violation of T.C.A. 21-1-804, and (e) allowed continuance of settlement without an affidavit for sufficient cause, a violation of T.C.A. 30-2-605.

**DEFENDANTS' RESPONSE:  The allegations in this referenced Paragraph are not directed to these Defendants, and thus, no response is required.  To the extent that any of the allegations in this Paragraph be deemed to relate to Defendants, Defendants deny the allegations in this Paragraph.**

It is Chancellor Stanley's responsibility, under the law, to supervise his court and its officers as required by T.C.A. 18-5-102(3) ("Duties, Clerks of Chancery Court").

Plaintiff refers to statements made by Chancellor Stanley to Chief Disciplinary Counsel for the Tennessee Board of Judicial Conduct (Plaintiff Exhibit J) in which the Chancellor states that he was unaware of even "THE EXISTENCE OF THE ESTATE (2566P). This statement from Chancellor Stanley is proof, *prima facia*, that Chancellor Stanley has failed, catastrophically, to carry out his administrative duties as Chancellor of the 31" District, in the case of 2566P. Chancellor Stanley stated he had no knowledge of the existence of the 2566P estate, EVEN THOUGH HE PROVIDED FINANCIAL ASSISTANCE TO HIS FATHER'S CLIENT, FROM THE BENCH, BY AUTHORIZING FUND DISBURSEMENT FROM A TBF IOLTA ACCOUNT TO PAY FOR TAXES OWED BY ESTATE 2566P, in 2013, (as stated prior).

746564

**DEFENDANTS' RESPONSE:** The allegations in these referenced Paragraphs are not directed to these Defendants, and thus, no response is required. To the extent that any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.

Plaintiff submits as **Plaintiff Exhibit NNN**, a document issued by Judge Chris Craft, proving that Chancellor Stanley has been deemed as committing JUDICIAL MISCONDUCT and that ACTION was TAKEN AGAINST HIM. However, the Plaintiff has been denied knowledge of what acts of judicial misconduct were deemed by the BOJC and exactly what action, if any, was taken to correct Chancellor Stanley's acts of Judicial Misconduct. The laws of Tennessee and the rules of the 110.IC protect judges in Tennessee by rules of non-transparency and make it so that no misconduct of a judge, or action taken against him, can be discovered by the general public, or a victim of that judge's misconduct.

Chancellor Stanley's refusal to properly control, direct and supervise his court and its officers not only represents a violation of his ADMINISTRATIVE (not judicial) duties under state law, it is also a violation of the Rules of Judicial Conduct in Tennessee as Chancellor Stanley is required to obey the laws of Tennessee, as outlined in Tennessee's Code of Judicial Conduct, CANON I, RULE 1. Chancellor Stanley assisted other actors, in the illegal waiving of estate 2566P accountings from beneficiaries of the estates in question, either by corruption or incompetence. Chancellor Stanley's assistance in illegally waiving the statutory required accountings of 2566P is a violation of the Plaintiff's right to due process and equal protection under the law, as defined by the 141h Amendment to the U.S. Constitution and Article I, Section 8 of the Tennessee Constitution.

His assistance to conspire has resulted in economic loss (loss of money and rightful inheritance) as well as non-economic damages (mental anguish and pain and suffering) to the Plaintiff.

**DEFENDANTS' RESPONSE:  The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required.  To the extent that any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.  Defendants further deny that Exhibit NNN attached to the Amended Complaint is the document described by the Plaintiffs.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiffs' right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE:  The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond.  Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them.  Defendants deny that Plaintiff is entitled to any relief sought.**

6. Myra D. Mara

As Clerk and Master of the Warren County Chancery Court, Myra Mara owed a duty of care to the Plaintiff to obey the laws and legal process of probate in Tennessee, as well as the laws of Tennessee that pertain to her duties, as defined by T.C.A. 18-5-102. Myra Mara has:

(a)     failed to ensure that notice was given to heirs, via first class mail, with a copy of the will pertaining to the estate furnished to them (Plaintiff included). This is a violation of T.C.A. 30-2-301(b)(1)(A) and (b)(3).

(b)     illegally waived the accountings in regard to 2566P, without determination. This is a violation of T.C.A. 30-1-117(8).

(c)     In addition, Myra Mara has failed in her administrative duties to comply with other laws of the State of Tennessee by (a) failing to obtain charges to estate 2566P from an Estate Sale, in violation of T.C.A. 30-2-606, (b) failed to cite executor to appear and settle accounts, in violation of T.C.A. 30-2-602, (c) failed to examine Representative under oath, "touching his receipts", a violation of T.C.A. 30-2-604, (d) failed to enforce rules, a violation of T.C.A. 21-1-8904, and € allowed continuance of settlement without an affidavit for sufficient cause, a violation of T.C.A. 30-2-605.

Myra Mara's refusal to do her duty as Clerk and Master, as well as her several violations of probate law in Tennessee, represent a denial of the Plaintiff's right to due process under Article I, Section 8 of the Tennessee Constitution as well as under the 14th Amendment to the U.S. Constitution.

Her assistance has resulted in economic loss (loss of money and rightful inheritance) as well as non-economic damages (mental anguish and pain and suffering) to the Plaintiff.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required. To the extent that any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to**

respond. **Furthermore, the statute cited by Plaintiff speaks for itself and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

7. The County of Warren, Tennessee

Clerk and Master Myra Mara is an employee of Warren County, Tennessee and therefore her illegal actions, as well as her dereliction of her duties and omissions thereof, as Clerk and Master of Warren County, imputes liability upon her employer, Warren County, Tennessee.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. To the extent that any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.**

Larry B. Stanley, Sr., IS THE ATTORNEY FOR WARREN COUNTY, TENNESSEE, and is therefore an employee of that municipality who has imputed liability on his employer through his actions and omissions of his duty, as he assisted in the probate of 2566P WHILE SERVING AS THE ATTORNEY FOR WARREN COUNTY, TENNESSEE.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

Furthermore, T.C.A. 8-17-101, a Tennessee State Ethics Law, requires that municipalities, such as Warren County, adopt ethical standards by 1 July 2007, which, at a minimum, must include a component that establishes rules requiring reasonable and systematic disclosure by officials and employees of personal interest that affect or appear to affect their discretion. Warren County, Tennessee has failed to comply with this requirement and is therefore liable for damages sustained to the Plaintiff, through the infringement of his right to due process and equal protection under the law, under Article I, Section 8, of the Tennessee Constitution and

the 14th Amendment to the U.S. Constitution. Warren County, Tennessee has been excessively wanton and reckless in its failure to establish, and comply with, an ethics law addressing personal conflicts of interest in its municipality, as required by T.C.A.-8-17-101. Warren County, Tennessee has been derelict in its duty to control and supervise its employees.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to these Defendants, and thus, no response is required. To the extent that any of the allegations in this Paragraph be deemed to relate to Defendants, Defendants deny the allegations in this Paragraph.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the federal courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

8. State of Tennessee

Chancellor Stanley is an employee of the State of Tennessee. (Retired) Senior Judge Ben Cantrell was appointed by the State of Tennessee to replace Chancellor Stanley in the 2566P matter. These actor's personal violations of Tennessee State Law as well as their administrative failures to carry out their responsibilities as required of them, impute liability on their employer,

the State of Tennessee, as their unlawful acts and omissions of duty were carried out under the color of law, specifically under the authority of the State of Tennessee.

Furthermore, Article I, Section 17 of the Tennessee Constitution states; "That all courts be open; and every man, for an injury done him in his lands, goods, person or reputation, SHALL HAVE REMEDY BY DUE COURSE OF LAW, and RIGHT AND JUSTICE ADMINISTERED WITHOUT SALE, DENIAL OR DELAY. Suits may be brought AGAINST THE STATE IN SUCH MANNER AND IN SUCH COURTS AS THE LEGISLATURE may direct." Tennessee has failed to ensure the Plaintiffs remedy by due course of law and therefore a suit may be brought against the State of Tennessee, pursuant to this Constitutional Provision, contained in Tennessee's Constitution.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. To the extent that any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiffs right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them.**

**Defendants deny that Plaintiff is entitled to any relief sought.**

9. Ronnie Jolee Gunter

Ronnie Jolee Gunter is the son of Ronnie Gunter. Ronnie Jolee Gunter conspired with his father to unjustly enrich himself through his father's embezzlement of 2566P and 3129P. Ronnie Jolee Gunter;

(a) Has made statements to witnesses that it was his, and his family's intent, to embezzle all of the estate assets of 2566P, at Vanderbilt Hospital, just prior to Velma Nadine Jones Elrod's death. Plaintiff refers to Plaintiff Exhibit W, Velma Nadine Jones Elrod's Obituary, in which members of the Gunter family, state that they have relationships with the decedent, yet those relationships are not recognized by law. Velma Nadine Jones Elrod had no children, therefore it is impossible for Ronnie Jolee Gunter to be her GREAT GRANDSON, as it is impossible for his father, Ronnie Gunter, to be the GRANDSON (he is the nephew) of Velma Nadine Jones Elrod. The Plaintiff contends that this document is evidence that the Gunter's attempted to establish a relationship, on the public record, that is a willful lie, in an attempt to justify their receipt of proceeds from the estate(s), to which they were not rightful heirs.

**DEFENDANTS' RESPONSE:  The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required.  Should any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.**

(b) Ronnie Jolee Gunter assisted his father in building the house on 176 Short Mtn Rd that his father built from proceeds embezzled from the 2566P estate, through Gunter Construction (TN Business License #52617).  Ronnie Jolee Gunter was named as a recipient of a Life Estate in regard to the house that was constructed by embezzled proceeds from the estate of

2566P. Plaintiff submits documentation proving receipt of a life estate as **Plaintiff Exhibit NNN**, proving Ronnie Jolee Gunter conspired with his father, Ronnie Gunter, to conceal the construction of a house built from embezzled proceeds of the estate 2566P from heirs, in order to unjustly enrich himself. Ronnie Joke Gunter assisted his father in the fraudulent concealment of facts that would have led to a cause of action by' the Plaintiff, those concealment of facts that the Plaintiff is entitled to know, under probate accounting laws in Tennessee, represent an act of conspiracy with Ronnie Gunter, by Ronnie Jolee Gunter, to deny the right of due process to the Plaintiff under Article I, Section 8 of the Tennessee State Constitution as well as under the 14th Amendment to the U.S. Constitution.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendants, and thus, no response is required. Defendants further state that Exhibit NNN attached to the Amended Complaint speaks for itself and no further response is required. Should any of the allegations this Paragraph be deemed to relate to Defendants, Defendants deny the allegations in this Paragraph.**

(c) Ronnie Jolee Gunter received distribution from the estate of 3129P, even though his father was never appointed as an executor or administrator for that estate. Ronnie Jolee Gunter cannot be an intestate heir to the intestate estate of Lodi Mae Jones (3129P) AS HIS FATHER, RONNIE GUNTER IS STILL LIVING. Ronnie Jolee Gunter received distribution from an estate that he knew his father had no right to distribute lawfully and to which he knew he was not a rightful heir.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are not directed to Defendant, and thus, no response is required. Should any of the allegations in this Paragraph be deemed to relate to Defendants, Defendants deny the allegations in this**

Paragraph.

Ronnie Jolee Gunter conspired with his father, Ronnie Gunter, to conceal facts of the accountings in regard to 2566P, which is a violation of the Plaintiff's right to due process under the 14th Amendment to the U.S. Constitution and Article I, Section 8 of the Tennessee Constitution as T.C.A. 30-2-601(a) requires that accountings be made known to the Plaintiff and other heirs of the estate 2566P. Ronnie Jolee Gunter has unjustly enriched himself through his nefarious assistance to his father.

His assistance to conspire has resulted in economic loss (loss of money and rightful inheritance) as well as non-economic damages (mental anguish and pain and suffering) to the Plaintiff.

**DEFENDANTS' RESPONSE:  The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required.  Should any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond.  Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them.**

60

**Defendants deny that Plaintiff is entitled to any relief sought.**

10. April Suzanne Barrett

April Barrett is the daughter of Ronnie Gunter. April Barrett conspired with her father to unjustly enrich herself through her father's embezzlement of 2566P and 3129P. April Barrett;

(a)     has absconded with 2 Certificates of Deposit from the estate of 2566P, at a face value of $50,000 each. However, those certificates were fully matured (20+ years) and could have been valued at up to $100,000 each.

(b)     has assisted her father in concealing facts of the accountings and assets of the estate 2566P that Plaintiff is entitled to know under T.C.A. 30-2-601 (a), which requires that accountings of the estate 2566P, down to the exact cent, be made available to the Plaintiff. This is a violation of the Plaintiff's right to due process and equal protection under the law under the 14th Amendment to the U.S. Constitution. It is a violation of his state due process rights as well, under Article I, Section 8 of the Tennessee Constitution.

(c)     has received distribution from the estate 2566P although she is not an heir to that intestate estate, as her father, Ronnie Gunter is still alive.

Her assistance to conspire has resulted in economic loss (loss of money and rightful inheritance) as well as non-economic damages mental anguish and pain and suffering) to the Plaintiff.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

11. Anthony Malone and Darlene Malone, et ux

The Malones are a married couple that conspired to illegally transfer real estate assets of 2566P and 3129P, after conspiring to illegally purchase those property assets, at auction, without the heirs consent. The Malones conspired to conceal facts of the sale and transfer of those assets from the Warren County Chancery Court and the heirs to 2566P.

(a) Anthony Malone and Darlene Malone were aware at the time of their purchase of property assets of 2566P that the heirs had not consented to the sale as there was no clear deed and this is why the sale of those assets remained open for 18 months, prior to closing and illegal transfer.

(b) Anthony and Darlene Malone were aware that Ronnie Gunter was attempting to conceal the actual amounts paid for each property as Anthony Malone "marked through and initialed" the erroneous amounts, in front of Stanley and Bratcher's Notary Public, on 2 May 2014, on the transfer documents. Plaintiff refers to Plaintiff Exhibit

(c) Anthony Malone and Darlene Malone were well aware that one of the properties that they were purchasing was not a real estate asset of 2566P as the transfer document clearly states that the property belonged to Lodi Mai Jones. Plaintiff refers to **Plaintiff Exhibit F.**

Anthony Malone and Darlene Malone, conspired with Ronnie Gunter to violate T.C.A. 30-2-601(a) and deny the Plaintiff his right to due process under the State (Article I, Section 8) Constitution and the federal Constitution (14th Amendment) as the Plaintiff is entitled to know all accountings, to the exact cent, including income, of estate 2566P, for the accounting period.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs. There is no Exhibit F attached to the Plaintiff's Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibit.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14'h Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the federal courts for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them.**

746564

**Defendants deny that Plaintiff is entitled to any relief sought.**

12. Donald Hillis

Don Hillis is the owner of Don Hillis Auction and Realty. Don Hillis assisted Ronnie Gunter and the firm of Stanley and Bratcher in illegally selling the real estate assets of 2566P and 3l29P, at auction. Don Hills refused to timely comply with a Warren County Chancery Court subpoena for auction records, as required by state law. Don Hillis willfully broke his own advertised conditions for the sale of estate real estate property assets in drafting the contract to sell those assets.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

(a) Don Hillis advertised an auction of the property assets of 2566P and 3129P via a Southern Standard Newspaper advertisement in 2012. Plaintiff refers to Plaintiff Exhibit AA, which demonstrates that Don Hillis advertised that ANY BUYER OF THOSE REAL ESTATE ASSETS WOULD BE REQUIRED TO PROVIDE 10% OF THE TOTAL SALE PRICE AS A DOWN PAYMENT WITH THE BALANCE DUE IN 15 DAYS. However, Don Hillis' contract with Ronnie Gunter and Anthony and Darlene Malone states that the balance is due at "closing". Plaintiff refers to **Plaintiff Exhibit AA**, the posted advertised auction notice and submits the actual contract as **PLAINTIFF EXHIBIT OOO**.

(b) Don Hillis, also sold items belonging to Ronnie Jolee Gunter, yet billed the estate 2566P for his auctioned items on consignment. Plaintiff submits cover sheet for the actual auction as **Plaintiff Exhibit PPP.**

(c) Don Hillis refused to disclose the auction records, via subpoena from the Warren County Chancery Court. Subpoena was issued on 13 October 2014 but Mr. Hillis did not

comply, after several admonitions by Clerk and Master Mara, until March of 2015, A FULL 6 MONTH DELAY.

**DEFENDANTS' RESPONSE:** **The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. To the extent that any further response is required or that any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs. There is no Exhibit AA attached to the Plaintiff's Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibit. Defendants further state that Exhibits OOO and PPP attached to the Amended Complaint speak for themselves and no further response is required.**

(d) Don Hillis assisted Ronnie Gunter and the firm of Stanley and Bratcher in selling the property assets of 2566P, without consent of heirs to that estate.

**DEFENDANTS' RESPONSE:** **Defendants deny the allegations in this Paragraph.**

(e) Don Hillis assisted Ronnie Gunter and the firm of Stanley and Bratcher in illegally selling the real estate assets of 3129, although neither Gunter nor the firm of Stanley and Bratcher could prove to Hillis that they had legal authority to do so. No executor has ever been appointed to administer the 3129P estate.

**DEFENDANTS' RESPONSE:** **Defendants deny the allegations in this Paragraph.**

Don Hillis has assisted Ronnie Gunter and the Firm of Stanley and Bratcher in concealing facts of probate in regard to 2566P and 3129P, facts for which the Plaintiff is entitled to know under T.C.A. 39-2-601(a). Don Hillis has assisted Ronnie Gunter in fraudulent concealment of facts that lead to a cause of action by the Plaintiff. Don Hillis has therefore conspired to deny the

right to due process afforded to the Plaintiff under Article I, Section 8 of the Tennessee Constitution as well as the 14th Amendment to the U.S. Constitution.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

13. Don Hillis Auction and Realty

Don Hillis Realty and Auction is the business vehicle by which Don Hillis provided assistance to Ronnie Gunter and the firm of Stanley and Bratcher in concealing facts relevant (0 probate, for which the Plaintiff is entitled to know. It is the vehicle by which Don Hillis has conspired with Ronnie Gunter and the Firm of Stanley and Bratcher to deny the Plaintiff his right to due process under the Tennessee Constitution and the Federal Constitution.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to**

**respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

14. Tennessee Bar Foundation

The Tennessee Bar Foundation, it appears, has provided assistance to Chancellor Stanley and to Ronnie Gunter, in the concealment of facts relating to probate, for which the Plaintiff is entitled to know, by right, as a matter of Tennessee State Probate Law. The Tennessee Bar Foundation has provided financial assistance to Ronnie Gunter, while he was embezzling the assets of 2566P.

The Tennessee Bar Foundation has allowed for the improper use of an IOLTA (INTEREST ON LAWYER'S TRUST ACCOUNT) Account as it appears that a judge, Chancellor Stanley, as a fellow of that organization, allocated funds from a TBF IOLTA ACCOUNT, FROM HIS BENCH, TO ASSIST HIS FATHER'S CLIENT, RONNIE GUNTER, FINANCIALLY, BY PAYING TAXES TO THE CITY OF MCMINNVILLE, TENNESSEE that were owed by the estate 2566P. The Plaintiff, as well as all heirs to 2566P, are entitled to know the accountings of that estate under T.C.A. 30-2-601(a). The payment or non-payment of taxes including the identity of the parties who paid them, contends the Plaintiff, is a matter of accounting. The concealment of the facts regarding the taxes (accounting) concealed a cause of action for which the Plaintiff could take action.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Furthermore, the legal authorities, statutes, and constitutional provisions cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny**

them. Should any of the allegations in the above Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.

A TBF IOLTA ACCOUNT (#2986) WAS USED TO PAY THE CITY TAXES OWED TO MCMINNVILLE, TENNESSEE, BY THE ESTATE SOMETIME IN 2013, (Plaintiff refers to **Plaintiff Exhibit P**). The only fellow of the TBF listed as living in McMinnville, Tennessee in 2013 is Chancellor Larry B. Stanley, Jr., (Plaintiff refers to **Plaintiff Exhibit LL**). Be that as it may, the TBF refuses to disclose the identity of the owner of the IOLTA Account and continues to assist Ronnie Gunter, Larry B. Stanley, Sr., and the Firm of Stanley and Bratcher, in concealing facts of accounting, to which the Plaintiff has a right to know (T.C.A. 30-2-601(a)). Plaintiff contends that the TBF has assisted in the infringement of the Plaintiff's right to due process under Article I, Section 8 of the Tennessee State Constitution as well as under the 14th Amendment to the U.S. Constitution.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff s right to due process under the 141h Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

746564

15. Ben Newman

Ben Newman has assisted Ronnie Gunter in concealing facts related to the accountings of 2566P and 3129P, and in concealing a cause of action for which the Plaintiff could seek relief Ben Newman violated state probate law when he conspired with Larry B. Stanley, Sr., to have himself appointed as the Attorney for the estate 2566P, WHILE ALSO REPRESENTING RONNIE GUNTER IN THE CIVIL ACTION IN REGARD TO 2566P, a clear conflict of interest. Ben Newman took funds from the estate residuary of 2566P TO COMPENSATE HIMSELF FOR GUNTER'S DEFENSE, WITHOUT DISCLOSURE TO THE PLAINTIFF OR OTHER HEIRS OF 2566P. Again, the Plaintiff is entitled to know, under T.C.A. 30-2-601(a), all of the accountings of the estate 2566P. Furthermore, the estate 2566P is not and has not been a defendant in an action. The estate 2566P is not responsible for Ronnie Gunter's defense fees for his breach of fiduciary trust in regard to 2566P.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in this Paragraph.**

Plaintiff refers to Ben Newman's Order of Appearance, on behalf of Ronnie Gunter, submitted as **Plaintiff Exhibit OOO**.

Plaintiff submits Chancery Court Order, not dated, appointing Ben Newman as the attorney for the estate 2566P while HE IS REPRESENTING THE EXECUTOR OF 2566P in A CIVIL ACTION/COMPLAINT, IN REGARD TO 2566P. Plaintiff submits order as **Plaintiff Exhibit PPP**.

As Attorney for the estate 2566P, Ben Newman has submitted contradictory accountings in regard to 2566P and has refused to submit a Final Statutory Accounting of 2566P, which is required by T.C.A. 30- 2 601(a). Plaintiff refers to **Plaintiff Exhibit's RR, SS and D**.

Plaintiff submits accounting sheet proving that Ben Newman, as Attorney for the

Executor of 2566), accepted compensation from the 2566P estate residuary. Plaintiff contends that Ben Newman later had himself appointed as Attorney for the Estate 2566P as well, and has continued to compensate himself from the residuary of estate 2566P, for the defense of his client, a defendant in a civil action in regard to 2566P. Plaintiff submits that document as **Plaintiff Exhibit QQQ.**

Ben Newman's assistance to Ronnie Gunter, in concealing the facts of accounting in regard to 2566P and 3129P, not only represent an action of breach of fiduciary trust (as he is the attorney for the estate) but also represents an infringement of the Plaintiff's right to due process under Article I, Section 8 of the Tennessee State Constitution as well as under the 14th Amendment to the U.S. Constitution, as T.C.A. 30-2-60 l (a) requires that accountings be made available to the Plaintiff in regard to these estates.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required. There are no Exhibits RR, SS or D attached to the Plaintiff's Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibits. Exhibits OOO, PPP, and QQQ attached to the Amended Complaint speak for themselves, and no further response is required. Furthermore, the legal authorities, statutes, and constitutional provisions cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them. Should any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.**

"THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and

codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

16. Tim Pirtle

Tim Pirtle has assisted Anthony and Darlene Malone in the illegal transfer of real estate property assets of 2566P and 3129P. Tim Pirtle, an attorney and real estate agent in Warren County, Tennessee was well aware that the property of Lodi Mae Jones could not be transferred after the auction unless through nefarious means (fraudulent obtainment of consent after the fact of sale). Tim Pirtle applied pressure to the auction house and Ronnie Gunter and the firm of Stanley and Bratcher, to effect the transfer of the properties in question, in an illegal manner. Plaintiff refers to **Plaintiff Exhibit F** as proof that 115 Ruby Street belonged to Lodi Mae Jones (3129P) and was therefore not a real estate asset of 2566P and could not be sold or transferred without the Plaintiffs, or other heirs, signatures of consent.

**DEFENDANTS' RESPONSE: Defendants deny the allegations in the Paragraph.**

Tim Pirtle has committed real estate fraud as defined by T.C.A. 29-2-101, in that the contract he entered into with Don Hillis (and Don Hillis Auction and Realty) on behalf of his client's, the Malone's, was executed fraudulently as no heir of beneficiary of 2566P, including the Plaintiff, authorized Ronnie Gunter to enter into said contract for auction on their behalf. The

Statute requires that the contract be in writing. Ronnie Gunter sold the real estate assets on 10 November 2012, with no written contract obtained or enforced at that time, by any beneficiary of 2566P. Tim Pirtle was aware that no heirs had consented to the sale of 2566P or 3129P real estate assets and he assisted in the illegal transfer of those properties from the estate to his clients, the Malone's.

**DEFENDANTS' RESPONSE:  The allegations in this Paragraph are not directed to these Defendants, and thus, no response is required. To the extent that any of the allegations of this Paragraph be deemed to apply to Defendants, Defendants deny such allegations.**

Tim Pirtle's assistance to the Malone's, Ronnie Gunter, Larry B. Stanley, Sr., and the Firm of Stanley and Bratcher, in the illegal sale and transfer of 2566P' and 3129P real estate assets, has assisted Ronnie Gunter in concealing facts pertinent to the estates in question, to which the Plaintiff is entitled to know under T.C.A. 30-2-601(a). Tim Pirtle's  actions have assisted others in the infringement of the Plaintiff's right to due process under Article I, Section 8 of the Tennessee State Constitution as well as under the 14th Amendment to the U.S. Constitution.   Tim Pirtle's actions have resulted in the loss of the Plaintiffs right to accountings as well as to pursue his liberty interests in the estates 2566P and 3129P, respectively.

**DEFENDANTS' RESPONSE:  Defendants deny the allegations in this Paragraph.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE**: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.

17. City of McMinnville, Tennessee

Tim Pirtle was the City Attorney for McMinnville, Tennessee and operated under the color of law when he assisted in concealment of facts, real estate fraud and the infringement of the Plaintiffs right to due process under State and Federal Law.

Ben Newman was serving as VICE MAYOR of McMinnville, Tennessee and operated under the color of law when he assisted in the concealment of facts and the infringement of the Plaintiff s right to due process under State and Federal law.

The City of McMinnville refuses to disclose the identity of the individual who authorized the allocation of monies from a TBF IOLTA Account to pay city taxes owed by estate 2566P in 2013. This is an infringement upon the Plaintiff s right to due process under Article I, Section 8 of the Tennessee State Constitution as well as under the 14th Amendment to the US Constitution, as he is entitled to know the accountings of estate 2566P under T.C.A. 30-2-601(a).

**DEFENDANTS' RESPONSE**:  The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required.  Should any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.

THIS HONORABLE COURT may grant relief for the violations of the Plaintiffs right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and

codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

18. Regions Bank, McMinnville, Tennessee Branch

Region's Bank has refused to obey a judicial subpoena to release the identity of unknown parties and accounts that received embezzled funds from the 2566P estate, via electronic wire funds transfer.

As the financial institution of record for the estate 2566P account, Regions failed to issue a suspicious activity report and did not properly investigate how, and by whom, the 2566P estate had been embezzled. Tellers of the McMinnville, Tennessee Branch of Regions Bank (Main St. Branch) allowed for executor Ronnie Gunter to embezzle the estate account of 2566P by cashing copious amounts of checks for him, written to him, by him.

Regions has committed Financial Institution Fraud. Regions Bank has conspired to conceal the identity of bank employees who assisted Ronnie Gunter in his embezzlement and accountability and to conceal the identities of parties and accounts unknown that have received illegal disbursements from estate 2566P via electronic wire funds transfer. Their actions represent an infringement of the Plaintiff's right to due process under Article I, Section 8 of the

Tennessee Constitution and the 14th Amendment to the U.S. Constitution as T.C.A. 30-2-601(a) requires that the Plaintiff have access to accountings in regard to 2566P and 3129P.

**DEFENDANTS' RESPONSE:  The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required.  Should any of the allegations in these Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs.  Furthermore, the legal authorities, statutes, and constitutional provisions cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiffs right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 USC, Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

19. Retired Senior Judge Ben Cantrell

Judge Ben Cantrell denied the Plaintiff's claim of due process infringement of his State and Federal Due process rights, guaranteed the Plaintiff, under Article I, Section 8 of the Tennessee Constitution and the 14th Amendment to the US Constitution.

746564

Judge Cantrell did so deny the Plaintiff his right to address his claims of federal due process right infringement via a Warren County Chancery Court Order on 24 March 2015. Plaintiff contends that the decision to dismiss the Plaintiff's claim of federal due process right infringement IS NOT WITHIN THE SUBJECT MATTER JURISDICTION OF EITHER JUDGE CANTRELL OR THE WARREN COUNTY CHANCERY COURT, as 42 U.S.C. 1983 establishes the subject matter jurisdiction of federal civil rights infringement squarely WITHIN THE JURISDICTION OF THE FEDERAL COURT SYSTEM.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Should any of the allegations in the above Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these Paragraphs. Furthermore, the legal authorities, statutes, and constitutional provisions cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

20. Lisa Zavogiannis, District Attorney for the 31st Judicial District of Tennessee

Lisa Zavogiannis, as District Attorney for the 31st Judicial District of Tennessee, has assisted Ronnie Gunter in the concealment of facts (embezzlement, accountings, destruction or withholding of a will) in that she refuses to investigate anyone in connection with the embezzlement of 2566P.

In *Foute v. State*, 4 Tenn. 98 (1816), the responsibility of the District Attorney is established as one that entails the attainment of justice by pursuing the guilty and protecting the innocent while upholding the Constitutions of the United States and of the State of Tennessee.

On several occasions between July 2014 and March 2015, the Plaintiff and other heirs presented overwhelming evidence that the estate had been embezzled and that illegal wire transfers had occurred and that real estate fraud had been conducted and that a will had been fraudulently concealed and withheld and that a conflict of interest had yet to be resolved. DA Zavogiannis did absolutely nothing.

The Plaintiff contends that Lisa Zavogiannis owed a duty of care, as the 31st Judicial District's Attorney, to the Plaintiff (and other heirs) AS VICTIMS OF FELONY CRIMES, to pursue the guilty (Ronnie Gunter, et al) and protect the innocent (Jones, et al). Lisa Zavogiannis' refusal to pursue the guilty and protect the innocent in the matter of 2566P and 3129P represent not only a dereliction of her duty but also serves as an act to conspire to infringe upon the due process rights of the Plaintiff (Article I, Section 8, Tennessee Constitution and 14th Amendment, U.S. Constitution) and to conceal the crimes committed by Ronnie Gunter, et al.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to Defendants, and thus, no response is required. Should any of the allegations in the above Paragraphs be deemed to relate to Defendants, Defendants deny the allegations in these**

Paragraphs. Furthermore, the legal authorities, case, statutes, and constitutional provisions cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them.

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14th Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

## CIVIL VIOLATIONS of RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)

The Plaintiff contends that the Defendants have participated in an organized probate corruption ring involving the unlawful redistribution of wealth, from rightful heirs, to friends of the ring. The Defendants have either participated directly in the unlawful redistribution, by act or omission, or have participated in the concealment of crimes committed by the ring, through act or omission. The crimes committed by the Defendants were done so under the color of authority and the legitimacy held by their official positions and titles, and in the face of great conflicts of interest. The crimes were committed knowingly, with intent, and with total lack of regard to their oaths as public officials and to the law.

746564

The Plaintiff contends that anyone who agrees or conspires to pursue the same criminal objective can be held liable for a civil RICO violation.

Plaintiff cites *Salinas v United States*, 522 U.S. 52, 63-64 (1977) "If conspirators, have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.. *Id* at 64.

This means that a conspirator must simply intend to further an endeavor which, if completed, would satisfy all elements of a civil RICO claim. *Id.* at 65. *See also CGC Holding Co., LLC v. Broad and Cassel*, 2014 WL 6872148 (10th Cir. 2014).

(One conspires to violate RICO by adopting the goal of furthering the enterprise "even if the conspirator does not commit a predicate act), citing *United States v Godwin*, 765 F. 3d 1306, 1324 (11th Cir. 2014), "In proving the existence of a single RICO conspiracy, the government does not need to prove that each conspirator agreed with other conspirators, knew of his fellow conspirators, was aware of all the details of the conspiracy, or participated in the same related crime."

The Plaintiff contends that these actors have conspired to commit acts of organized crime which have furthered Defendant Ronnie Gunter's endeavor to embezzle estate assets of 2566P and 3129P and to conceal the commission of those acts and omissions in order to avoid liability and accountability in the matter of the embezzlement of 2566P and 3129P estate assets.

**DEFENDANTS' RESPONSE: Defendants state that the allegations in the above Paragraphs are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes and cases cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them. To the extent that any of the allegations in these Paragraphs relate**

746564

**to Defendants, Defendants deny these allegations.**

<u>OTHER ISSUES OF SPECIAL INTEREST IN THE CASE</u>

**Judicial Immunity**

1.      The Plaintiff assumes that some defendants will claim judicial immunity as an affirmative defense and seek to bar all money damages against Chancellor Stanley and Senior Judge Ben Cantrell. However, the Plaintiff would state that the doctrine of judicial immunity must be qualified in order to be applied in this case. That is to say that in order for judicial immunity to be enjoyed by Chancellor Stanley and Senior Judge Ben Cantrell, certain criteria must be met. Those criteria are that their actions are strictly judicial acts and that they have jurisdiction over person and subject matter (Stump v Sparkman, 435 U.S. 349, 98 S. Ct. 1099; 55 L. Ed. 2d 331 U.S. LEXIS 74).

A.      In regard to Chancellor Stanley, he lacked personal jurisdiction in regard to any proceedings in the matter of P2566 and P3129, due to the nature of his relationship and its conflict of interest with the parties and attorneys in the matter; without disclosure and waiver, Chancellor Stanley lacked personal jurisdiction and therefore all jurisdiction. (as required by the Code of Judicial Conduct, State of Tennessee, Canon 2, Rule 12).  (Plaintiff refers to a copy of Rule 2.12 of the Tennessee Supreme Court's Rules of Judicial Conduct, submitted as **Plaintiff Exhibit A**).

The Petitioner in those cases, Defendant Gunter, had built houses for Chancellor Stanley and his father, Defendant Larry B. Stanley, Sr.  It appears that Chancellor Stanley turned a considerable profit in the sale of his home, built by Defendant Gunter.  Defendant Gunter retained the services of Chancellor Stanley's father as attorney for the estate of P2566 (Plaintiff refers to Estate P2566 Check No. 999, submitted as **Plaintiff Exhibit B**) and used those relations

80

to avoid accountability, illegally sell and transfer property assets and embezzle considerable amounts of money from the estate with payments to accounts and parties unknown.

(Here Plaintiff refers to copies of Estate P2566 wire fund transfers (3) to accounts and parties unknown, (dated 28 Oct 2011, 21 Nov 11 and 19 Jan 2012, submitted as "**PLAINTIFF EXHIBIT C**").

(Plaintiff also refers to a copy of the Warren County Clerk and Masters Report dated 23 March 2015, submitted as "**PLAINTIFF EXHIBIT D**").

(Plaintiff refers to copies of approximately 55 checks of Estate P2566, written by Defendant Gunter to Defendant Gunter, submitted as "**PLAINTIFF EXHIBIT E**"). Index is attached for easy reference.

(Plaintiff submits copy of Warranty Deed #130306, Warren County, Tennessee, as "**PLAINTIFF EXHIBIT F**").

**DEFENDANTS' RESPONSE: The allegations in the above section are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes, rules, and cases cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them. Defendants state that there are no Exhibits A, B, C, D, E, or F attached to the Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibits. To the extent that any of the allegations in this section relate to Defendants, Defendants deny these allegations.**

Chancellor Stanley was well aware that the Rules of Judicial Conduct in Tennessee prevent him from presiding over matters on his docket that involve his father and former law partner, Larry B. Stanley, Sr.

Still, Chancellor Stanley failed to disclose, rectify or even address his certain conflict of interest prior to sustaining the case on his docket. Because of these facts, it would appear to the Plaintiff that Chancellor Stanley lacked personal jurisdiction, as well as all jurisdiction, because of his egregious conflict of interest and his failure to disclose and rectify it.

**DEFENDANTS' RESPONSE:  The allegations in the above Paragraphs  are either statements of law or arguments of Plaintiff such that Defendants are not required to respond.  Furthermore, the rules cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them.  To the extent that any of the allegations in these Paragraphs relate to Defendants, Defendants deny these allegations.**

Yet, Chancellor Stanley sustained the case on his docket from 6 April 2011 to his recusal on 12 August 2014, a period of 3 years, 4 months and 6 days. (Plaintiff submits Defendant Gunter's Letters Testamentary issued from Warren County Chancery Court in regard to the estate numbered P2566 on 6 April 2011 as "**PLAINTIFF EXHIBIT G**").

Chancellor Stanley only recused himself after the estate was embezzled and only after a lawsuit against his father was sustained by the Chancellor's court, as evidenced by **Defense Exhibit 1**, submitted 4 Aug 2015).

During that time, no heirs were notified by requirements of law,  the Chancellor's father fraudulently misrepresented his intentions to heirs, statutory accounting requirements were illegally waived, property was sold and transferred illegally without heirs consent, no reporting

of estate sales or auctions were recorded, $45,400 was embezzled from the estate and $16,000 in payments to parties and accounts unknown transpired (refer to **Plaintiff Exhibits C, D, E, and F**). Many more assets are missing and unaccounted for. These egregious acts occurred on Chancellor Stanley's watch and under his management, or rather mismanagement, of the court and the cases.

**DEFENDANTS' RESPONSE:** **Defendants deny all allegations pertaining to Defendants in these Paragraphs. Defendants further state that the allegations in the above section are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Defendants state that there are no Exhibits C, D, E, F, or G attached to the Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibits.**

Furthermore, the Plaintiff would assert that the act of disqualification or recusal is not strictly a judicial act but rather a ministerial or administrative one. The disqualification of a judge is not an act usually carried out by the judge, solely. Recusal is a process. The process of recusal requires disclosure on the part of the judge first, or by an office of his court aware of the conflict, in this case the Clerk and Master Defendant Myra Mara, a minister of the court. The failure of Clerk and Master Mara to fulfill her administrative duty in regard to the process left no other choice but for Chancellor Stanley to fulfill her administrative duty for her and initiate the process of recusal against himself. Recusal is not strictly judicial act or process, but rather administrative in nature.

(Plaintiff refers to Chancellor Stanley's first response to misconduct allegations by Mr. Timothy Discenza, Chief Disciplinary Counsel to the Tennessee Board of Judicial Conduct, dated 28 April 2015, submitted as "**PLAINTIFF EXHIBIT H**").

(Plaintiff refers to affidavit from Clerk and Master Mara, dated 28 April 2015, to Mr. Timothy Discenza, Chief Disciplinary Counsel to the Tennessee Board of Judicial Conduct, dated 28 April 2015, submitted as "**PLAINTIFF EXHIBIT I**").

(Plaintiff refers to supplemental statement of Chancellor Stanley to Mr. Timothy Discenza, Chief Disciplinary Counsel to the Tennessee Board of Judicial Conduct, dated 5 June 2015, submitted as "**PLAINTIFF EXHIBIT J**").

(Plaintiff refers to statement of Clerk and Master Mara, to Mr. Timothy Discenza, Chief Disciplinary Counsel to the Tennessee Board of Judicial Conduct, outlining Warren County, Tennessee Probate Procedures, submitted as "**PLAINTIFF EXHIBIT K** ").

(Plaintiff also refers to Tennessee Civil Cover Sheet for P2566, ALTERED, (proving that Chancellor Stanley's Chancery Court attempted to close the probate illegally, without final statutory accounting), submitted as "**PLAINTIFF EXHIBIT X**").

**DEFENDANTS' RESPONSE:** **The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required. Defendants further state that the allegations in the above section are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Defendants state that there are no Exhibits H, I, J, K, or X attached to the Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibits. To the extent that any cited exhibit is attached to the Amended Complaint, such exhibit speaks for itself and no further response is required. To the extent that any allegations in these Paragraphs relate to Defendants, Defendants deny these allegations.**

As well, the Plaintiff does not see how that Chancellor Stanley's inability to manage his employees, (who illegally waived required statutory accountings (refer to **Plaintiff Exhibit J**),

allowed the unsupervised process of probate to continue unabated with no proof of notice to heirs as required by law, allowed the illegal sale of property assets and their illegal transfer (refer to **Plaintiff Exhibit F**), failed to record sale and proceeds of estate assets sold or auctioned as required by law, and a host of other violations , can in any way be seen as strictly a "judicial act".

If anything, the Plaintiff contends, they should be seen as acts of mismanagement, especially in light of statements made by Chancellor Stanley to Mr. Timothy Discenza, Chief Disciplinary Counsel of the Tennessee Board of Judicial Conduct. In his first statement to that board, (**Plaintiff Exhibit J**), Chancellor Stanley stated that he was unaware of any conflict of interest or any other allegations in regard to P2566 until his Clerk and Master, Defendant Mara made him aware on 12 August 2014 three and a half years after the case was first entered into probate on Chancellor Stanley's docket.

His Clerk and Master's affidavit, (**Plaintiff's Exhibit I**), gave conflicting statements and triggered a second inquiry by Disciplinary Counsel.

In his second statement, (**Plaintiff Exhibit J**), (Chancellor Stanley admits that he wasn't even aware of the existence of the estate, in addition to previously admitting he had never heard any matters or signed any orders in regard to the estate, in 3 and a half years of probate.

**DEFENDANTS' RESPONSE: The allegations in the above-referenced Paragraphs are not directed to these Defendants, and thus, no response is required. Defendants further state that the allegations in the above section are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Defendants state that there are no Exhibits F, I, or J attached to the Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibits. To the extent that any cited Exhibit is attached to the Amended Complaint, such**

**exhibit speaks for itself and no further response is required. To the extent that any allegations in these Paragraphs relate to Defendants, Defendants deny these allegations.**

The Plaintiff would also contend that Chancellor Stanley's omission of his duties as a chancellor are not judicial acts. How can one say it is a judicial act for a chancellor to not perform the functions and duties of his office? It is absurd and makes no sense commonly or judicially to say it is.

In addition, Chancellor Stanley's actions and omissions constitute violations of state probate laws and are indicative of judicial misconduct. The Plaintiff would contend that violations of law and judicial misconduct are not "judicial acts" and are not privy to protection under the doctrine of judicial immunity.

Also, McMinnville, Tennessee city tax records illustrate that a member of the Tennessee Bar Foundation, a government nonprofit organization established by the Tennessee State Supreme Court in 1982, paid taxes on estate property assets "under the table". The Tennessee Bar Foundation was established so that attorneys in the state could use interest collected on escrow and other accounts (called IOLTA accounts) to establish legal projects to better their respective communities, as neither they nor their clients can claim the interest earned on those accounts under state law.

Both Defendants Judge Cantrell and Chancellor Stanley are fellows yet Chancellor Stanley is the only member/fellow who is listed as a resident of McMinnville, Tennessee. Because the City of McMinnville and the Tennessee Bar Foundation will not disclose the attorney who authorized the payment by signing the checks that paid the taxes, the available evidence suggests that Chancellor Stanley paid the taxes owed by the estate on behalf of his father's client, using an IOLTA account.

746564

This action is not only a misappropriation of foundation funds meant for public use but it also represents a chancellor providing financial support to an executor, his father's client, during the process of embezzlement. The Plaintiff would contend that Chancellor Stanley's provision of financial assistance to his father's client is in no way a judicial act and is therefore not privy to coverage under the doctrine of judicial immunity.

(Plaintiff refers to copies of City of McMinnville Property Tax Receipts (3) for Tax Year 2013, as admitted "**PLAINTIFF EXHIBIT L**".)

**DEFENDANTS' RESPONSE:** **The allegations in the above-referenced Paragraphs are not directed to these Defendants, and thus, no response is required. Should any of the allegations be deemed to apply to Defendants, Defendants deny these allegations. Defendants state that there is no Exhibit L attached to the Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibit.**

B.      In regard to Senior Judge Ben Cantrell, he lacks the jurisdiction over subject matter to his refusal to address the Plaintiffs claim to infringement of Due Process under the 14th Amendment to the U.S. Constitution. Judge Cantrell lacks the jurisdiction to deny federal claims under the Constitution. The issue was brought to his attention several Lilacs through motions and letters. Judge Cantrell issued an order denying the Plaintiff's claim of Due Process Infringement under the I4th Amendment.

(Plaintiff refers to a copy of Letter to Judge Cantrell dated 13 February 2015, submitted as "**PLAINTIFF EXHIBIT M**").

(Plaintiff refers to a copy of Request for Hearing to Warren County Chancery Court, mailed 13 February, submitted as "**PLAINTIFF EXHIBIT N**").

(Plaintiff refers to a copy of Motion for Relief to Warren County Chancery Court, mailed 27 February, submitted as "**PLAINTIFF EXHIBIT O**").

(Plaintiff refers to a copy of Warren County Chancery Court Docket for 3 March 2015, submitted as "**PLAINTIFF EXHIBIT P**").

(Plaintiff refers to **DEFENSE EXHIBIT 4**).

**DEFENDANTS' RESPONSE:  The allegations in the above-referenced Paragraphs are not directed to these Defendants, and thus, no response is required.  Should any of the allegations be deemed to apply to Defendants, Defendants deny these allegations. Defendants state that there are no Exhibits M, N, O, or P attached to the Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibits.**

The Plaintiff contends that the criteria needed for Chancellor Stanley and Senior Judge Ben Cantrell to enjoy judicial immunity is not present. Plaintiff contends that a judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil actions for his acts (*Davis v. Burris*, 51 Ariz. 220, 75 P. 2d 689, 1938).

The Plaintiff would assert, respectfully, that the doctrine of judicial immunity is intended to serve the purpose of creating an independent judiciary, not prone to intimidation by the threat of legal action in regard to normal judiciary function.

Judicial Immunity is not a concept that is intended to be invoked for protection from prosecution in regard to misconduct or wrongdoing, simply because an individual is a member of the judiciary, for that would be contrary to the rule of law, our most cherished constitutional possession.

The Plaintiff would state that it is an affront to justice, as well as an assault against common sense and the authority of his Honorable Court for these Defendants, who have committed judicial misconduct and have violated the constitutional civil rights of the Plaintiff, to claim that simply because they are judges that they should not be held accountable under the law. This defense reeks of elitism and the rule of man.

**DEFENDANTS' RESPONSE:  The allegations in the above-referenced Paragraphs are not directed to these Defendants, and thus, no response is required.  Should any of the allegations be deemed to apply to Defendants, Defendants deny these allegations.**

### 11th Amendment

The Defendants claim as an affirmative defense that the 11th Amendment bars all money damages against Chancellor Stanley and Senior Judge Ben Cantrell sued in their official capacities, in effect claiming Sovereign Immunity. It appears that the State of Tennessee claims Sovereign Immunity under the amendment as well.

Here, the Plaintiff would cite *Fitzpatrick v. Bitzer*, 427 U.S. 445, (1976), a decision in which the Supreme Court held that the sovereign immunity of the states, guaranteed to them under the 11th Amendment, may be abrogated pursuant to the provisions of the 14th Amendment, specifically under Section 5, for the purpose of enforcing civil rights guarantees on the States.

The Court reasoned that abrogation in such cases was appropriate because the 14th Amendment was enacted specifically to limit the power of the states, with the purpose of enforcing civil rights guarantees against them.

Furthermore, Article I, Section 8 of the Tennessee Constitution provides that the Plaintiff cannot be deprived of his property or liberty interest in it, or of his privileges under the law but

by the judgment of his peers, or the law of the land. The Defendants did just that and therefore State law says that they have committed a violation of his state civil rights as well.

Section 17 of Article I of the Tennessee Constitution also provides that all courts shall be open and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law. It goes on to say that Suits may be brought against the State of Tennessee in such manner and in such courts, as the legislature, by law may direct.

The Plaintiff would contend that since neither the Tennessee Legislature (nor any other entity in the State of Tennessee) has the authority to deny access to the federal judiciary by citizens of the United States who have legitimate claims of civil rights violations against the state, this section of the Tennessee Constitution confirms the right of Tennessee citizens to seek protection of their civil rights under the federal judiciary, regardless of the title or position of the entities that violated those rights.

The Plaintiff would contend that the State of Tennessee (and its future employees) relinquished its sovereign immunity when it became a state, upon readmission to the United States on 24 July 1866. No state or employee of a state can claim sovereign immunity in the face of the Constitution, as the Supreme law of the land, or before the federal judiciary, which is entrusted with the power and authority to enforce the civil rights guarantees of citizens under that Constitution, against the respective states. The 14th Amendment guarantees the abrogation of state sovereignty under the 11th Amendment when violations of citizens' constitutionally protected civil rights have occurred.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, Defendants deny these allegations.**

## Rooker-Feldman Doctrine

The Plaintiff assumes that the Defendants would assert that the Rooker-Feldman Doctrine precludes this Honorable Court from exercising subject matter jurisdiction over this federal complaint.

However, as in the case of other defenses presented by counsel, the doctrine must be qualified by examination of criteria needed to invoke such a defense. In this case, the Rooker-Feldman Doctrine cannot be applied as a defense in regard to lack of jurisdiction over subject matter by the lower federal courts.

The injuries sustained by the Plaintiff (loss of liberty interest in estate as an heir, loss of monies and Property not properly distributed to him as required by law) are distinct from the judgment the. Chancery Court. The Chancery Court of Warren County, Tennessee ruled to bar the contest. of a will and attempted to dismiss the Plaintiff s federal claims (without subject matter jurisdiction over the federal claims) (Plaintiff refers lo Defense Exhibit 4), which is distinct from and does not address the previously stated injuries incurred by the Plaintiff.

The Federal Complaint alleges a prior injury, distinct from the Chancery Court judgment, to which the Chancery Court failed to remedy. The Plaintiff is not seeking a reversal of the Chancery Court's decision to bar a contest of a will and is not seeking for this Honorable Court to serve as a de facto state appellant court to achieve that.

The Plaintiff is simply seeking a redress of his injuries that the state court failed to remedy and which are distinct from the judgment of the state court and fall under Federal Jurisdiction. The Plaintiff's claim of civil rights violations (due process infringement) is independent of and distinct from the Chancery Courts decision to bar a contest of a will and therefore the Rooker-Feldman Doctrine is inapplicable as a defense in this case. In fact, all of the

Plaintiff s claims before this Honorable Court are independent and distinct from the judgment issued from the Chancery Court, and that court has never addressed any of the claims filed before this Honorable Court.

Furthermore, the Plaintiff cites *Persley v. Lee*, 794 F. Supp. 2d 728 (E.D. Ky. 2011), which states, "While Defendant correctly argues that a lower federal court may not review final state court judgments, the matter before this court has not become final, thus the Rooker-Feldman doctrine does not apply."

The court reasoned that Rooker-Feldman (as determined by *Lance v. Dennis*, 546 U.S. 459,463, 126 S. Ct. 1198,163 L. Ed. 2d 1059 (2006)), only applied to cases in which state court judgments were final (applying the findings of *Exxon Mobile v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125S. Ct. 1517, 161 L. Ed. 2d 454 (2005)).

**DEFENDANTS' RESPONSE:** **The allegations in the above-referenced Paragraphs are not directed to these Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, Defendants deny these allegations.**

The Chancery Court decision to bar a contest of the will (and (idler denied claims was appealed to the Warren County Circuit Court, (pursuant to T.C.A. 30-2-609) on 22 April 2015. On 27 May 2015, Circuit Court Judge (and defendant) Larry Bart Stanley, Jr., recused himself from hearing the matter. Pending that appeal, the Chancery Court ordered a stay on its proceedings on 2 June 2015.

On 31 July 2015, an order was issued by Circuit Court Judge Thomas W. Graham (of the 12th Judicial District), in a closed hearing, with no notice given to the Plaintiff, in effect dismissing the Plaintiff's appeal on the grounds that the Circuit Court lacks jurisdiction to hear it

(contradicting T.C.A. 30-2-609). The order further states that the appeal must be taken to the Tennessee Court of Appeals and ordered the pleadings struck from the record and dismissed. Be that as it may, the Plaintiff is in the process of appealing to the Tennessee Court of Appeals. Therefore, the Chancery Court's decision is not final and Rooker-Feldman cannot prevail as a defense.

(Plaintiff refers to Defense Exhibit 4).

(Plaintiff refers to a copy of Appeal to Warren County Circuit Court, dated 22 April 2015, submitted as "**PLAINTIFF EXHIBIT Q**").

(Plaintiff refers to a copy of Order to Dismiss Appeal, Circuit Court, 12th Judicial District of Tennessee, dated 31 July 2015, submitted as "**PLAINTIFF EXHIBIT R**."

(Plaintiff refers to a copy of Order to Stay all pending matters before the Chancery Court until completion of Plaintiff's Appeal, dated 2 June 2015 (Cantrell), submitted as "**PLAINTIFF EXHIBIT S**").

(Plaintiff submits Tennessee Court of Appeals Cover Sheet (DEFECT) for Case No. M2015-01750-COA-R3-CV, demonstrating that this case is on appeal to the Court of Appeals for Middle Tennessee and is therefore there is NOT A FINAL DECISION IN THIS MATTER, in regard to State action taken. Plaintiff submits document as **PLAINTIFF EXHIBIT RRR**.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, Defendants deny these allegations. Defendants further state that the allegations in the above section are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the legal authorities, cases and constitutional provisions cited by Plaintiff**

speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them. Defendants state that there are no Exhibits Q, R, or S attached to the Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such Exhibits. With respect to Exhibit RRR attached to the Amended Complaint, such exhibit speaks for itself and no further response is required.

c) The Plaintiff contends that although his claims are distinct and independent of the Chancery Court decision and therefore Rooker-Feldman cannot apply, the Plaintiff further contends that even IF they were intertwined Rooker-Feldman would still not apply because the decision rendered by the Chancery Court (bar to contest a will) was obtained by Defendant Gunter through extrinsic fraud.

In a 9th Circuit decision (K*ougasian v. TMSL, Inc*., 359 F .3d 1136, 1140 (9th Circuit), 2004), the federal courts ruled that Rooker-Feldman did not apply in cases in which a Plaintiff seeks relief from a state court judgment based on extrinsic fraud by that Plaintiffs adversaries during those state court proceedings. The court's basis for their decision was that "extrinsic fraud on a court is, by definition, not an error by (the state) court." (*id*. at 1141).

A judicial subpoena was issued on 13 October 2014 by the Chancery Court in regard to medical records in this case, medical records that prove that Defendant Gunter used undue influence on a testatrix that lacked testamentary capacity to form codicils. This evidence, a 550 page medical document submitted by Vanderbilt University on 21 Nov 2014, was to be used by Plaintiff for presentation at initial hearing as a basis to contest a will. Plaintiff was told by the Court that Vanderbilt had not complied. Vanderbilt confirmed in June 2015 that the document was sent. The court's reply was that the court did not receive it and Vanderbilt resent the

document in June 2015. It was sent registered to obtain a clerk's signature as proof of delivery. The Chancery Court has acknowledged they now have it but it has been sealed by Judge Cantrell, after he ordered a stay of proceedings and after he was named as a litigant defendant in this federal complaint. The Plaintiff only refers to this document as evidence of fraud in obtaining a state court decision. The Plaintiff is not seeking to use that document to address a bar to contest a will or any other such presumed intent. It is referred to only in the context of fraud. Plaintiff submits subpoena document for medical records pertaining to the decedent in regard to 2566P, dated 13 Oct 2014 as **PLAINTIFF EXHIBIT SSS**.

**DEFENDANTS' RESPONSE: The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, Defendants deny these allegations. Defendants state that there is no Exhibit SSS attached to the Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibit.**

B. Defendant Ronnie Gunter has previously admitted that a prior will existed at the time he petitioned the court and submitted a subsequent will, of his drafting, to the Chancery Court for probate, in regard to 2566P. He admits it as a defense in a prior pleading to the Chancery Court of Warren County yet has never disclosed it or submitted it for review. Plaintiff refers to Ronnie Gunter's "Answer", dated 14 January 2015, submitted as **Plaintiff Exhibit U**.

The Plaintiff contends that the evidence in question has been missing for 6 months from the courthouse and that although it was eventually obtained once again through the efforts of the Plaintiff, that evidence was not available for presentation at two hearings before the Chancery Court. Had that evidence been available, it would have prevented a bar to contest the will

because it would have demonstrated that the decedent, who was 71 years old and dying of Stage IV brain cancer, signed a will under undue influence only 71 days prior to her death from brain cancer and could have no way retained testamentary capacity when it was signed. Therefore, the decision to bar a contest of a will was obtained fraudulently by Defendant Gunter due to someone committing fraud against the court and concealing or destroying documents that would have prevented the procurement of that judgment. Again, Plaintiff only refers to these documents as they apply to fraud in obtaining a state court judgment.

(Plaintiff refers to Warren County Chancery Court Subpoena, dated 13 October 2015, submitted as "**PLAINTIFF EXHIBIT T**").

(Plaintiff refers to Defendant Gunter's Answer to Chancery Court complaint (admitting, decedent's death was due to a terminal illness and that a prior will existed, dated 14 January 2015, submitted as **PLAINTIFF EXHIBIT U.**

(Plaintiff refers to a copy of Last Will and Testament of Velma N. Jones Elrod, dated 2 December 2011 , submitted as "**PLAINTIFF EXHIBIT V**").

(Plaintiff refers to a copy of Velma N. Jones Elrod's Obituary, Southern Standard 2011 (proving her death occurred 71 days after the signing, of the will as a result of a terminal illness of the brain), submitted as "**PLAINTIFF EXHIBIT W**").

Because it (the judgment to bar a contest u a will and to deny federal claims of due process) was fraudulently obtained, the Plaintiff may be subject to equitable relief, should this Honorable Court decide that in this case, fraud is a basis for equitable relief from a state court judgment obtained by fraud (not error).  The Plaintiff does not waive any right he may have equitable relief' from, a state court judgment obtained by fraud.

**DEFENDANTS' RESPONSE:  The allegations in these Paragraphs are not directed**

**to these Defendants, and thus, no response is required. Should any of the allegations in these Paragraphs be deemed to apply to Defendants, Defendants deny these allegations. Defendants state that there are no Exhibits U, T, V, or W attached to the Amended Complaint; therefore, Defendants are without sufficient knowledge or information to form a belief regarding the contents of such exhibits.**

### Federal Jurisdiction and Subject Matter, Generally

The Warren County Chancery Court, as a State Court, has denied the Plaintiff his right to due process and he has sustained the loss of his civil rights under both the Tennessee and the Federal Constitution.

While the Plaintiff concedes that the State Court in question may hold jurisdiction over the subject matter of state civil rights and due process in regard to their application to citizens of Tennessee, that State Court holds no jurisdiction whatsoever to determine the application of Constitutionally guaranteed civil rights of due process, afforded to citizens of the United States, under the 14th Amendment.

The subject matter of federal civil rights and their application to citizens of the United States is a federal question that is solely within the subject matter jurisdiction of the federal courts and therefore outside the jurisdiction of the state courts and therefore must be addressed by the federal court system, alone.

**DEFENDANTS' RESPONSE: The allegations in the above-referenced Paragraphs are not directed to these Defendants, and thus, no response is required. Should any of the allegations be deemed to apply to Defendants, Defendants deny these allegations. Furthermore, the legal authorities, cases and constitutional provisions cited by Plaintiff speak for themselves and, to the extent the allegations contained in these Paragraphs vary therefrom, Defendants deny them.**

THIS HONORABLE COURT may grant relief for the violations of the Plaintiff's right to due process under the 14" Amendment, via the Enforcement Act of 1871, later amended and codified as 42 U.S.C., Section 1983, a statute that provides for civil action in the Federal Courts, for deprivation of rights. Plaintiff seeks the recovery of actual damages in addition to compensatory and punitive damages.

**DEFENDANTS' RESPONSE: The allegations in this Paragraph are either statements of law or arguments of Plaintiff such that Defendants are not required to respond. Furthermore, the statutes cited by Plaintiff speak for themselves and, to the extent the allegations contained in this Paragraph vary therefrom, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief sought.**

Because the probate exemption does not apply in this case, neither can Rooker-Feldman be applied as a defense, because the Plaintiff is not seeking a reversal of the state court's decision to bar a contest of a will or to have the federal district court intervene in that decision. Furthermore, if Rooker-Feldman denies the lower federal courts subject matter, jurisdiction over cases of equity in state courts. then how did *Marshall v. Marshall* develop in the 9th Circuit?

It did so because in that case, as in this one, the probate exception does not apply. The Supreme Court ruled that federal courts have jurisdiction to entertain suits to determine the rights of creditors, legatees, heirs, and other claimants relating to an estate, so long as the federal court does not probate a will, administer an estate, take control of assets being administered by the probate court or interfere with the probate proceedings. The Plaintiff does not seek such interference from the lower federal court and has not, nor will he ever, request such interference. he Plaintiff seeks a redress of his injuries sustained due to the infringement of his due process

rights which are contained in his civil rights, under the federal Constitution.  The Plaintiff seeks that and only that.

(However, the Anti-Injunction Act, as codified in Title 28 of the United States Code, Section 2283, gives specific criteria that must be present for the ability of United States Courts to issue injunctions which stay lawsuits that are pending in State Courts. The Statute states in part that a federal court may issue injunctions of stay in state court proceedings "where necessary in aid of its jurisdiction".)

Since the state courts hold no jurisdiction over federal civil rights violations whatsoever, and the federal system alone holds jurisdiction over such matters, (42 U.S.C., Section 1983), it is clear to the Plaintiff that this Honorable Court reserves its ability to issue such injunctive order, to preserve its jurisdiction over federal subject matter jurisdiction, that being the subject of federally protected civil rights and their application to citizens, through the Anti-Injunction Act. The Plaintiff does not waive any injunctive relief he may be entitled to under this act or any other federal law or statute which would provide for such.

**DEFENDANTS' RESPONSE:  The allegations in these Paragraphs are not directed to these Defendants, and thus, no response is required.  Should any of the allegations in these Paragraphs  be deemed to apply to Defendants, Defendants deny these allegations.**

**Sole Jurisdiction over Federal Subject Matter and Concurrent Jurisdiction over State Tort Claims**

This Federal Complaint has arisen from a Chancery Court Case, one that has been appealed to the Circuit Court and must now be appealed to the Tennessee Court of Appeals, making this case a state tort law (civil rights) case as well, under which this Honorable Court may exercise concurrent jurisdiction with state courts over tort claims, under state common law. (*Marshall v. Marshall*, 547 U.S. 293, 2006, U.S. LEXIS 3456).

This jurisdiction is in addition to this Honorable Court's sole jurisdiction to determine matters in regard to the civil rights of U.S. Citizens and their applicability.

The Plaintiff has stated a plausible claim for which relief may be granted by this Honorable Court. Plaintiff respectfully submits his Amended Complaint, pursuant to this Honorable Court's Order.

**DEFENDANTS' RESPONSE:** **Defendants deny the allegations in these Paragraphs.**

### THIRD DEFENSE

Defendants deny each allegation contained in the Amended Complaint not previously expressly admitted, denied, or qualified.

### FOURTH DEFENSE

Plaintiff's Amended Complaint should be dismissed because it was filed without a reasonable, good faith belief in its merit.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, and waiver.

### SIXTH DEFENSE

Defendants deny any allegation or implication that it caused Plaintiff any damages or violated any law or regulation.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel to the extent that these issues have been previously litigated in other courts, including the case of *Stephen Jones, BSW and Gary Jones v. G. Ronnie Gunter and the Law Firm of Stanley Bratcher*, No. 2566-P, in the Chancery Court for Warren County, Tennessee, at McMinnville.

746564

## EIGHTH DEFENSE

Plaintiff is not entitled to compensatory damages because Plaintiff cannot establish any alleged injury and any such injury is not compensable under any applicable law or regulation. Moreover, Plaintiff's alleged injuries and/or damages were not proximately caused by any act or omission of Defendants. It is generally and specifically denied that Defendants breached any legal duty owed to Plaintiff or that Defendants failed to comply with any law or regulation as alleged by Plaintiff in the Amended Complaint.

## NINTH DEFENSE

Plaintiff's claims fail to meet the pleading requirements of Rule 9 of the *Federal Rules of Civil Procedure* and should therefore be dismissed.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations including but not limited to T.C.A. §§ 28-3-104 and 32-4-108.

## ELEVENTH DEFENSE

Defendants met the applicable standard of care for lawyers practicing in the State of Tennessee.

## TWELFTH DEFENSE

Defendants specifically deny that the matters set forth in Plaintiff's Amended Complaint were the result of any negligence or failure on the part of Defendants to act with ordinary and reasonable care. It is generally and specifically denied that Defendants breached any legal duty owed to Plaintiff or that Defendants were negligent as alleged in the Amended Complaint. It is further denied that the Plaintiff suffered any injury or damages by reason of any negligence, misrepresentation, malpractice or breach of duty on the part of Defendants.

## THIRTEENTH DEFENSE

Plaintiff lacks standing to assert the causes of action.

## FOURTEENTH DEFENSE

To avoid waiver, and pending further investigation and discovery, Defendants raise the affirmative defense of subject matter jurisdiction.

## FIFTEENTH DEFENSE

Defendants reserve the right, should discovery or evidence including trial, indicate it appropriate to plead the comparative fault of any other person or entity including but not limited to Plaintiff.

## SIXTEENTH DEFENSE

Gary Jones' causes of action should all be dismissed for failure to prosecute.

## SEVENTEENTH DEFENSE

Plaintiff's claims should be dismissed for failure to exhaust their remedies pursuant to state law prior to filing this lawsuit in this Court.

## EIGHTEENTH DEFENSE

Plaintiff's constitutional claims against the Defendants must be dismissed because Defendants are not governmental actors.

## NINETEENTH DEFENSE

Defendants specifically deny each and every material allegation of the Amended Complaint by which Plaintiff seeks to recover for damages allegedly sustained as a result of any negligence, alleged breach of duty by Defendants, and/or failure to comply with any law or regulation.  Defendants further aver that Plaintiff is not entitled to the requested relief.  Further,

Defendants hereby reserve each and every cause of action which they may have against any persons, whether or not named as parties herein, under common, statutory, tort, contract, or quasi-contract law, for Defendants' injuries and damages, including reasonable attorney's fees and expenses incurred herein, arising out of or relating to Plaintiff's claims.

Defendants specifically reserve their rights under Rules 13, 14, and 15 of the *Federal Rules of Civil Procedure*, including the right to amend this Answer to the extent necessary, and to file any other claim as facts are investigated and developed.

WHEREFORE, having fully answered, Defendants ask the Court to dismiss this action with prejudice, tax the costs to Plaintiff, and award Defendants their reasonable attorneys' fees for the defense of this action.

Respectfully submitted,

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.

By: s/ Joshua A. Powers
      Joshua A. Powers (BPR # 015639)
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
Telephone: (423) 209-4137
Fax: (423) 752-9537
jpowers@bakerdonelson.com
*Attorneys for Larry "Bart" Stanley, Sr. and The Law Firm of Stanley & Bratcher*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a copy of the foregoing Amended Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular Certified Mail, Return Receipt Requested. Parties may access this filing through the Court's electronic filing system.

Stephen Jones
3606 Lead Mine Valley Road
Cleveland, TN 37311

Gary Jones
200 Old Kile Lake Road
Cleveland, TN 37311

/s Joshua A. Powers
Joshua A. Powers, Esq.